## 75610. OSBY v. THE STATE.
(363 SE2d 611)

DEEN, Presiding Judge.

Walter Osby was convicted of rape, two counts of aggravated sodomy, sodomy, false imprisonment, and simple battery. On appeal he asserts the general grounds and further claims that the trial court erred in stating in the presence of the jury that his written statement was given voluntarily after he was given his *Miranda* warnings.

1. The victim testified that she met the defendant and his brother, David Grissom, at a party. As she was leaving the party with her sister, she heard shots and hid behind some cars with Grissom. She became separated from her sister and asked Grissom to help locate her and for a ride home. She got into Grissom's truck between the two men and they drove around, but they did not see her sister. Although she asked Grissom to turn into her apartment complex when they drove near it, he kept on driving and asked her to ride with him to Decatur to take his brother home. He stated that he had to come back because he lived in Fairburn. At one point during the trip to Decatur, Grissom stopped to purchase cigarettes, and the victim testified that she was not afraid of the men.

When they arrived at Osby's residence, he invited her into his house and she agreed to go for just a minute. Shortly thereafter, Grissom disappeared and the victim testified that she heard water running as if he were taking a shower. Osby showed her the house and then began to make advances towards her by attempting to kiss her. When they sat on the sofa, Osby again began to kiss her and started pulling her pants down. She refused his advances, but he became more persistent and succeeded in pulling her pants down and orally sodomizing her. She attempted to get away from him, but he managed to stick his tongue in her anus as she rolled off of the sofa. Grissom then came into the room dressed only in a towel and carried a black cat which he threw into the victim's lap. Both men then jumped on her and began pulling off her clothing. They carried her into the

bedroom, turned on the air conditioner to drown out her protests, and threw her on the bed. Grissom began choking her and put his penis in her mouth while Osby put his penis in her vagina. After about fifteen minutes, Grissom left. Osby, however, continued to have sex with her over several hours and Grissom periodically returned to watch. The victim continued to protest and groan in pain. At one point, Grissom suggested it was time to kill her and then raped her. She noticed a gun between the bed and the nightstand. Osby finally took her into the den to get her clothing, then took her back to the bedroom and wanted to have sex with her again. Finally, at about daybreak, when the men left the bedroom for a few minutes, she hurriedly dressed and jumped out of a second story window. She went to the house next door where she called the police.

Osby's neighbor corroborated the victim's story as to the time she appeared at the house, that she stated she had been raped and that she wanted to call the police. One officer testified that it was difficult to get her statement because she was so upset. Another officer testified that doing a consent search, he found a woman's bra (which was identified as belonging to the victim) in the house, a rifle with a round of ammunition by the bed, and the bed in disarray. An air conditioner was also observed in the bedroom.

Osby gave a statement to the police admitting that he and his brother had sexual intercourse with the victim, but claimed that it was consensual. The attending physician found bruises and scratches on the victim's left arm and noticed that she was upset. Grissom also made a statement admitting that he had sexual relations with the victim after his brother had sex with her, but he denied having oral sex with her and stating it was time to kill her. He claimed that she became upset when he refused to pay her $50 for her favors.

The credibility of the witnesses is a jury question. *Melson v. State*, 157 Ga. App. 268 (277 SE2d 284) (1981). There was sufficient evidence presented at trial for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. *Brown v. State*, 250 Ga. 862 (302 SE2d 347) (1983).

2. As appellant did not raise an objection in the court below as to the trial court's ruling on the voluntariness of his written statement to the police, the alleged error cannot be addressed for the first time on appeal. *Smith v. State*, 180 Ga. App. 309 (349 SE2d 4) (1986); *Tolbert v. State*, 180 Ga. App. 703 (350 SE2d 51) (1986).

*Judgment affirmed. Pope, J., concurs. Birdsong, C. J., concurs in the judgment only.*

DECIDED DECEMBER 3, 1987.

*John O. Ellis, Jr.*, for appellant.

*Robert E. Wilson, District Attorney, Susan Brooks, Barbara Conroy, Assistant District Attorneys*, for appellee.