## 76309. GRISSOM v. THE STATE.
(371 SE2d 137)

SOGNIER, Judge.

Appellant was convicted of rape, aggravated sodomy, false imprisonment and simple battery.

1. In three enumerations of error appellant contends the trial court erred by denying his motions for a directed verdict of acquittal because the evidence was not sufficient to support the verdict and

venue was not established. Appellant's contention as to venue is not supported by the transcript, which shows that a police officer testified that the house address where the offenses occurred was in DeKalb County.

The evidence disclosed that after offering to take the victim home from a "shot house," appellant and his half-brother, Walter Osby, drove the victim instead to Osby's home. The victim agreed to go in Osby's house for a few minutes, and when they entered, appellant went to take a shower. Osby and the victim went into the den, where Osby started making sexual advances to the victim, which she rejected. Osby then forcibly pulled down the victim's slacks and panties and committed oral sodomy on her. Appellant returned from his shower and he and Osby forcibly removed the victim's clothing and carried her into a bedroom. The victim testified that Osby raped her twice over a period of three hours, and appellant forced her to commit oral sodomy on him by choking the victim until she committed the act. Appellant subsequently raped the victim. Osby took the victim by the arm into the den to retrieve her clothing, then led her back into the bedroom. The victim was threatened by appellant, and was directed by both men not to touch the bedroom door during brief periods when they would leave the room. During one of those absences the victim got dressed, except for her brassiere, and escaped by climbing out the bedroom window and dropping several feet to the ground. She went next door and was allowed by the occupant to use the telephone to call the police, after informing the occupant that she had been raped. The victim was kept in Osby's house for approximately four hours before her escape. Police found the victim's brassiere in the bedroom of Osby's house.

Both Osby and appellant made written statements to the police admitting that they had sexual intercourse with the victim, but stating that it was with her consent. Osby also admitted committing an act of sodomy, but appellant denied that he committed sodomy. Appellant testified to essentially the same facts as contained in his statement, and also testified that after he had intercourse with the victim, she asked him for $50.

The primary issue in this case was one of credibility of witnesses, since the victim testified that the acts were committed forcibly and against her will, while appellant testified the acts were all with the victim's consent. The victim's testimony was corroborated in many respects, and in regard to the charge of false imprisonment, a person commits that offense when, in violation of the personal liberty of another, he arrests, confines or detains such person without legal authority. OCGA § 16-5-4. The evidence shows that the victim was kept in the bedroom for almost four hours before she was able to escape. Thus, we find the evidence sufficient to meet the standard of proof

required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Accordingly, it was not error to deny appellant's motions for a directed verdict of acquittal. *Eaton v. State*, 184 Ga. App. 645, 647 (3) (362 SE2d 375) (1987).

2. Appellant alleges the trial court erred by refusing to make prior statements of the victim available for cross-examination. Prior to trial appellant filed a motion to produce requesting, among other things, all written statements of witnesses in possession of the prosecuting attorney. At a hearing before the jury was finally selected, the court asked if it needed to make an in camera inspection of the prosecuting attorney's file as to any exculpatory material. Appellant's counsel responded that he had not received a copy of a document from the doctor at Grady Hospital who examined the victim. Subsequently, counsel reported to the court that he had spoken with the doctor and was ready to proceed. The court then stated that it had examined the State's file for exculpatory matters and found nothing that had not already been provided appellant. After the victim testified, appellant requested a copy of her pretrial statement to the police to use in cross-examination of the victim. The court again examined the statement, announced it found nothing exculpatory in it, and found nothing in the statement inconsistent with the victim's testimony; therefore, appellant's request was denied.

We find no error in this ruling, because a criminal defendant is not entitled to pretrial statements by key State witnesses as long as they are not exculpatory. *Walter v. State*, 256 Ga. 666, 668 (1) (352 SE2d 570) (1987).

3. Appellant contends the trial court erred by allowing a .22 calibre rifle into evidence. He argues that the rifle, which was leaning against the wall in the bedroom where the offenses occurred, was not used to threaten the victim, and thus was not relevant. This argument is without merit. The victim testified that not only had appellant threatened her verbally, but she had noticed the rifle leaning against the wall and was terrified that appellant or Osby would blow her brains out, toss her body in appellant's truck, and dump her body out someplace. Thus, the fact that the gun, with a round in the chamber, was found in the bedroom corroborated the victim's testimony and was relevant to the offenses charged. Further, where the relevance or competence of evidence is doubtful, it should be admitted and its weight left to determination by the jury. *Houston v. State*, 180 Ga. App. 267, 268 (3 (b)) (349 SE2d 228) (1986).

4. Appellant contends the trial court erred by allowing the charge of battery and multiple sodomy charges to go to the jury. However, at the sentencing hearing the trial court granted appellant's earlier motion to merge the charge of battery with the charge of aggravated sodomy. The court did not sentence appellant on the battery

charge, and nolle-prossed that charge. Hence, any error in submitting the charge of battery to the jury was rendered harmless by the court's action. See generally *Anderson v. State*, 165 Ga. App. 885, 887 (3) (303 SE2d 57) (1983), which holds that an appellant claiming error must show harm as well as error.

*Judgment affirmed. Carley, J., concurs. Deen, P. J., concurs specially.*

DEEN, Presiding Judge, concurring specially.

As the victim left the "shot house," as noted in the majority opinion, she claimed "she heard shots." See *Osby v. State*, 185 Ga. App. 185 (363 SE2d 611) (1987). Later she testified she thought they "would blow her brains out" with the rifle in the bedroom, which contained a round in the chamber. Admission of the .22 calibre rifle into evidence was not error in view of her fear of past confrontations with shots and the present and future possibilities of additional shots being fired. I concur fully with the majority opinion and add these additional observations.

DECIDED JUNE 23, 1988.

*Tony H. Hight*, for appellant.

*Robert E. Wilson, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.