### A93A1237. BELINS v. THE STATE.
(435 SE2d 675)

BIRDSONG, Presiding Judge.

Herbert Aurel Belins was tried before a jury and found guilty of aggravated assault, in violation of OCGA § 16-5-21 (a) (2). He appeals from the judgment of conviction and sentence. *Held*:

1. Belins enumerates the general grounds. On appeal from a criminal conviction, the evidence is construed in the light most favorable to the verdict of guilt, and the presumption of innocence no longer applies. An appellate court does not weigh the evidence or judge the credibility of the witnesses but only determines whether the adjudication of guilt is supported by sufficient competent evidence. *Bohannon v. State*, 208 Ga. App. 576 (1) (431 SE2d 149). The evidence, while in conflict, shows that appellant, standing on his own property, aimed and fired a shotgun at the teenage victim who was operating a four-wheel all-terrain vehicle on the adjacent public highway. The victim described seeing Belins run out of his home, reach for something, and then raise this object to his shoulder. The victim heard what he thought was a gunshot and then felt a stinging in his left rear shoulder blade, where a pellet had become imbedded. Belins admitted firing his shotgun at crows on that day and at the time alleged but vehemently denied shooting at the victim.

A person commits the offense of aggravated assault when he assaults with a deadly weapon, which, when used offensively, is likely to or actually causes serious bodily injury. OCGA § 16-5-21 (a) (2). The act of intentionally firing a gun at another, in the absence of justification, is sufficient to support a conviction for aggravated assault under this statute. *Steele v. State*, 196 Ga. App. 330, 331 (2) (396 SE2d 4). The evidence adduced below authorized a rational trier of fact reasonably to find proof of appellant's guilt of aggravated assault beyond a reasonable doubt, under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). See *Cox v. State*, 205 Ga. App. 375 (1) (422 SE2d 68). The enumeration of the general grounds is without merit.

2. Invoking *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215), appellant specifically requested access to written statements made by any witnesses interviewed by the police and generally demanded all material known to the State which was exculpatory or favorable to the accused. The prosecutor filed a certificate of compliance indicating that the accused had been supplied with a copy of the

indictment, an updated witness list, a medical report, and the incident report. After the verdict and sentencing, the attorneys conducted a debriefing or question-and-answer session with the members of the jury. During this session, the prosecutor made first mention of a pretrial oral unrecorded statement by the victim, Bryan Martin, to the effect that Martin had been shooting guns with his friend, Brad Yother, earlier on the day in question. As a special ground for his motion for new trial, Belins urged that this statement should have been disclosed to the defense by the prosecution. The overruling of his motion on this ground is enumerated as error.

" 'There is no general constitutional right to discovery in a criminal case, and *Brady* did not create one. . . .' [Cit.] [Due process does not require] that 'as a matter of constitutional law everything must be disclosed which might influence a jury.' [Cit.]" *Castell v. State*, 250 Ga. 776, 782 (2) (301 SE2d 234). However, "suppression by the prosecution of evidence favorable to the accused which is material to either guilt or punishment violates due process." *Shearer v. State*, 259 Ga. 51 (1) (376 SE2d 194). Georgia law does not provide that statements given prior to trial by key prosecution witnesses be generally made available for inspection by the defendant in criminal cases, unless such evidence is exculpatory. *Walter v. State*, 256 Ga. 666, 668 (1) (352 SE2d 570); *Grissom v. State*, 187 Ga. App. 653, 655 (2) (371 SE2d 137). Exculpatory or favorable witness statements are subject to disclosure under the due process constraints imposed upon state criminal prosecutions by the Fourteenth Amendment. *Wilson v. State*, 246 Ga. 62, 65 (1) (268 SE2d 895); *Holbrook v. State*, 162 Ga. App. 400, 401 (1) (291 SE2d 729). Accord *Hicks v. State*, 232 Ga. 393, 395 (207 SE2d 30).

The victim's statement that he and his friend had been shooting earlier in the day does not in any way exonerate Belins. It does not contradict the victim's testimony which directly implicated Belins, establish an alibi for Belins, or show the impossibility of the victim's version of events. At best, it admits indirectly of the bare possibility that the victim was shot earlier than he testified by someone other than the actor identified by the victim under oath. "[T]o prevail on the basis of Brady v. Maryland, [supra], the appellant must indicate the materiality and the favorable nature of the evidence [discovered after trial]. [Cits.]" *Hamby v. State*, 243 Ga. 339, 340 (2) (253 SE2d 759). "The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." *United States v. Agurs*, 427 U. S. 97, 109-110 (III) (96 SC 2392, 49 LE2d 342). Accord *Wallin v. State*, 248 Ga. 29, 33 (6) (279 SE2d 687). The trial court did not err by refusing to grant a new trial on this asserted basis.

Belins further urges that the statement was subject to disclosure as impeaching and was within the bounds of his general *Brady* request. Impeachment evidence *showing bias or interest on the part of a key prosecution witness* falls within the *Brady* rule. *United States v. Bagley*, 473 U. S. 667, 676 (II) (105 SC 3375, 87 LE2d 481), citing *Giglio v. United States*, 405 U. S. 150, 154 (92 SC 763, 31 LE2d 104). Accord *Allen v. State*, 128 Ga. App. 361 (196 SE2d 660). However, impeaching evidence is material in the constitutional sense "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *United States v. Bagley*, supra at 682 (III).

The pretrial statement at issue is not material impeachment evidence as to the victim, because he never testified on this point. The statement does not indicate that the friend, with whom the victim was shooting earlier, committed perjury at trial. This witness testified on cross-examination that he could not recall whether they had been shooting. The inability to confront the companion with the victim's pretrial statement so as to attempt impeachment on a collateral issue is wholly insufficient to establish a reasonable probability that, had the statement been disclosed, the result of the proceeding would have been different so as to undermine confidence in the outcome of the trial. The trial court did not err in overruling appellant's motion for new trial on the ground that the prosecution failed to disclose material impeachment evidence.

3. Appellant attempted to impeach the victim's credibility by asking him about "any disciplin[ary] problems, [had he] been suspended from school?" Over the State's relevancy objection, this line of questioning was disallowed. This evidentiary ruling is enumerated as error.

The stated reason for attempting this line of questioning was to show that, because of the victim's history of unruly and disruptive behavior in school, he had a motive to fabricate the appellant's responsibility for the injury. In this regard, appellant's reliance upon *Hamilton v. State*, 185 Ga. App. 536 (1) (365 SE2d 120) is misplaced. There, the juvenile victim of an alleged rape previously was adjudicated delinquent and was subject to certain conditions of probation. Hamilton claimed that the juvenile's conduct was voluntary. He sought to show the alleged victim had fabricated her version of events to avoid revocation of probation. Thus, the *fact* that she was subject to probation revocation was relevant and material to show the bias of self-interest or self-preservation.

Here, the mere fact that the victim may have been disciplined previously at school does not itself demonstrate the possibility of sub-

sequent *additional* disciplinary action arising out of this extracurricular event as would provide Martin with a motivation to fabricate Belins' involvement in the shooting, for reasons of self-interest or self-preservation. "The scope of cross examination is not unlimited. The extent of permissible cross examination lies within the sound discretion of the [trial] court. [Cits.] An irrelevant or immaterial line of inquiry may be curtailed. [Cits.]" *Decker v. State*, 139 Ga. App. 707, 708 (2) (229 SE2d 520). The trial court did not abuse its discretion in restricting this irrelevant line of inquiry on cross-examination. *Pace v. State*, 157 Ga. App. 442, 444 (2) (278 SE2d 90).

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED AUGUST 19, 1993 —
RECONSIDERATION DENIED SEPTEMBER 15, 1993

John J. Capo, for appellant.

C. Andrew Fuller, District Attorney, Ben L. Leutwyler III, Assistant District Attorney, for appellee.