A97A0561. FERGUSON v. THE STATE.
(487 SE2d 467)

ANDREWS, Chief Judge.

Travis Ferguson appeals from the judgment entered on a jury verdict finding him guilty of trafficking in cocaine.[1] He claims on appeal that the conviction must be reversed because the State violated its duty under *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963) and *Giglio v. United States*, 405 U. S. 150 (92 SC

---

[1] The jury also found Ferguson guilty of possession of cocaine with intent to distribute, but the trial court merged that offense with the trafficking conviction.

763, 31 LE2d 104) (1972) to disclose material evidence favorable to the accused by: (1) failing to disclose a deal for leniency on federal criminal charges between federal authorities and a witness for the State, and (2) failing to provide the criminal history of the same witness. We disagree and affirm the conviction.

1. The State provided ample evidence to support the trafficking conviction under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

An informant, Ralph Johnson, supplied to DeKalb County police by the Federal Bureau of Investigation (FBI), telephoned Ferguson and arranged to buy cocaine from Ferguson in DeKalb County. DeKalb County police monitored the drug buy, arrested Ferguson at the scene, and found in his possession 244 grams of a powdery mixture with a purity of 83 percent cocaine.

2. Ferguson claims the State violated *Brady*, supra, and *Giglio*, supra, by failing to disclose a deal entered into between Johnson and federal authorities making promises or providing leniency to Johnson in return for his cooperation in the prosecution of the present case.[2] Ferguson does not claim that the State had a deal with Johnson. Rather, he contends that there was a deal between federal authorities and Johnson concerning federal criminal charges against Johnson and that the State failed to reveal the federal deal.

Pursuant to *Brady*, supra, the State is required to disclose evidence favorable to the defendant when such evidence is material to guilt or punishment. *United States v. Agurs*, 427 U. S. 97 (96 SC 2392, 49 LE2d 342) (1976). This includes disclosure of impeachment evidence which could be used to show bias or interest on the part of a key State witness. *Belins v. State*, 210 Ga. App. 259, 261 (435 SE2d 675) (1993). Accordingly, "[t]he state is under a duty to reveal any agreement, even an informal one, with a witness concerning criminal charges pending against that witness, and a failure to disclose such an agreement constitutes a violation of the due process requirements of *Brady*[, supra]. *Giglio*[, supra]." (Citations and punctuation omitted.) *Owen v. State*, 265 Ga. 67, 68 (453 SE2d 728) (1995). In order to show that the State violated *Brady* by failing to reveal a deal with one of its witnesses, a defendant must show that the State possessed evidence of the deal; that the defendant did not possess the evidence nor could he obtain it himself with any reasonable diligence; that the State suppressed evidence of the deal; and that, had the evidence of the deal been disclosed to the defendant, there existed a reasonable

---

[2] Although no *Brady* request is contained in the record, Ferguson claims he filed a specific request for disclosure of the deal and for Ferguson's criminal history. Since the State does not controvert this assertion and apparently concedes that the requests were made, we take Ferguson's statement of these facts as true. Court of Appeals Rule 27 (b) (1).

probability that the result at trial would have been different. *Burgeson v. State*, 267 Ga. 102, 104 (475 SE2d 580) (1996).

Ferguson has failed to carry his burden of showing a *Brady* violation under these standards. The record shows that the State prosecutor disclosed to Ferguson all of the information that the State had in its possession regarding the federal deal. The prosecutor disclosed to defense counsel prior to trial that there was no deal between the State and Johnson but that, according to conversations the prosecutor had with Johnson, Johnson had a deal with federal authorities for a reduction of his sentence on federal drug charges in return for his cooperation on various drug cases, including the case against Ferguson. Defense counsel acknowledged that the prosecutor disclosed this information to him prior to trial. Moreover, Johnson testified at trial on direct examination by the State and on cross-examination by defense counsel that he was in federal prison pursuant to his guilty plea on a federal drug charge; that, before he was sentenced on the federal charge, he cooperated with the FBI and other law enforcement agencies in the prosecution of other drug cases, including the case against Ferguson; that this cooperation, including his testimony at the trial of the cases, was a requirement of a deal he had with federal authorities for reduction of his federal sentence from 25 years to life in prison to his current sentence of about 12 years.

Despite these disclosures, Ferguson contends that the State failed to satisfy its obligation under *Brady* by disclosing only the information it actually possessed or learned from Johnson about the federal deal. Ferguson claims that, given the degree of interaction and cooperation between the FBI and the DeKalb County police in prosecuting the case against Ferguson, the FBI was an integral part of the State prosecution team, and information in possession of the FBI regarding the written specifics of the federal deal should be considered within the possession of the State for purposes of *Brady*, supra.

At trial, the State presented testimony from Johnson and two DeKalb County police officers as to how the case against Ferguson was made. This testimony established that, prior to setting up the drug buy with Ferguson, Johnson was on bond awaiting sentencing after pleading guilty to federal drug charges and entering into an agreement with federal authorities for reduction of his federal sentence in return for his cooperation in the prosecution of other drug cases. Pursuant to the agreement, Johnson told the FBI that he could buy cocaine from Ferguson. At the instigation of the FBI, Johnson telephoned Ferguson and told him he wanted to buy a quarter of a kilogram of cocaine from him and would be coming to the Atlanta area to do so. After the call, the FBI contacted the DeKalb County police and informed them that Johnson would cooperate with them in

pursuing a drug conviction against Ferguson in DeKalb County. A day or two after Johnson's initial call to Ferguson, DeKalb County police met and questioned Johnson at the Atlanta Bureau of the FBI. On the same day, Johnson went to the DeKalb County police headquarters, accompanied by an FBI agent, where he telephoned Ferguson again and made arrangements to meet and buy cocaine from Ferguson that day. An undercover DeKalb County police officer accompanied Johnson to the location of the buy, and other DeKalb County police officers monitored the buy from nearby concealed positions. After Johnson met with Ferguson, DeKalb County police arrested Ferguson with the cocaine in his possession at the scene of the buy. After Johnson arrived at the DeKalb County police headquarters, there is no evidence that FBI agents took any further part in setting up or monitoring the drug buy or in arresting or prosecuting Ferguson on the State drug charges. No FBI agents testified at the trial. Pursuant to a State court order, Johnson was delivered from federal prison to State custody so that he could testify as a witness for the State.

"*Brady* requires information to be revealed only when it is 'possessed by the prosecutor or anyone over whom the prosecutor has authority.' [Cit.]" *Zant v. Moon,* 264 Ga. 93, 100 (440 SE2d 657) (1994); *Owen,* supra at 69, n. 2. Although in *Kyles v. Whitley,* 514 U. S. 419 (115 SC 1555, 131 LE2d 490, 508) (1995), the Supreme Court stated that "the individual prosecutor has a duty [under *Brady*] to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police," it is reasonable to surmise that persons "acting on the government's behalf in the case" refers to those over whom the prosecutor has authority. Whether a person is on the prosecution team and subject to the authority of the prosecutor depends in each case on the extent of interaction, cooperation, and dependence of the agents working on the case. *Zant,* supra at 100.

Even though there was some degree of initial interaction and cooperation between the FBI and the DeKalb County police, there was no evidence that the FBI or any of its agents worked for or was subject to the control or authority of the State prosecutor. Even assuming the FBI or any of its agents possessed information about Johnson's federal deal not possessed by the State, we decline to impute such knowledge to the State prosecutor in the absence of any evidence that the prosecutor had authority over the persons possessing such information. Moreover, Ferguson made no effort to obtain information about the federal deal from the FBI or other federal authorities, so he has not demonstrated that he was unable to obtain the information in the exercise of reasonable diligence.

3. We find no merit in Ferguson's additional contention that the

State violated *Brady*, supra, by failing to disclose Johnson's criminal history.

There is no evidence that the State was in possession of any criminal history regarding Johnson. "'*Brady* does not impose an affirmative obligation on the prosecution to seek out information for the defense, even if such information is more accessible to the prosecution than to the defense.' [Cit.]" *Lariscey v. State*, 254 Ga. 241, 243 (328 SE2d 213) (1985); *Bacon v. State*, 207 Ga. App. 39, 40 (427 SE2d 32) (1993). Furthermore, the record shows that, either prior to trial or at the trial, defense counsel became aware of Johnson's criminal history since he cross-examined Johnson on this issue at trial. "*Brady* does not require a pre-trial disclosure of material and applies only to exculpatory material unknown to the defendant." (Citations and punctuation omitted.) *Bradford v. State*, 205 Ga. App. 383, 384 (422 SE2d 74) (1992).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED JUNE 4, 1997.
Before Judge Mallis.
*Kendal D. Silas*, for appellant.
*J. Tom Morgan, District Attorney, Robert M. Coker, Benjamin M. First, Assistant District Attorneys*, for appellee.