## A99A2291. RILEY v. THE STATE.
(531 SE2d 138)

POPE, Presiding Judge.

Lamar Riley was indicted and convicted of aggravated assault with intent to rob. He appeals, claiming that the trial court improperly broadened the indictment by charging the jury with aggravated assault with intent to murder in addition to the indicted charge. He also asserts the court should have granted his motion for an in camera inspection of the State's file. We conclude that Riley's second enumeration has merit and remand with direction.

Construed in favor of the verdict the facts show that Riley and Savin Dix were outside a grocery store when the owners, Susan and Daniel Kwon, and an employee closed the store one night. As Mr.

---

Kwon was locking the door, Dix shot him. Dix pointed the gun at Mrs. Kwon as well, and then Riley and Dix ran away. There was evidence that Riley and Dix were subsequently overheard arguing about a failed robbery attempt.

1. On Count 1, Riley was indicted for aggravated assault "by shooting [Kwon] with a handgun, a deadly weapon, all with intent to rob."[1] But in a charge to the jury the trial court defined aggravated assault as an act which could be committed either with intent to rob, rape or murder. The court charged:

A person commits aggravated assault when he assaults another person with intent to murder, rape or rob, or with a deadly weapon or with any object, device or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury.

Riley reserved objection to the charge.

An instruction that deviates from the indictment violates due process "where there is evidence to support a conviction on an unalleged manner of committing the crime and the jury is not instructed to limit its consideration to the manner specified in the indictment." *Harwell v. State*, 270 Ga. 765, 766 (1) (512 SE2d 892) (1999). See also *Sarnie v. State*, 247 Ga. 414, 415 (1) (276 SE2d 589) (1981). Without the limiting instruction the conviction is defective "because there is a reasonable possibility that the jury convicted the defendant of the commission of a crime in a manner not charged in the indictment." (Punctuation and footnote omitted.) *Dukes v. State*, 265 Ga. 422, 423 (457 SE2d 556) (1995).

Although there was evidence that could support a finding of intent to murder, the court's total charge sufficiently limited the jury's consideration to the manner specified in the indictment. At the conclusion of the charge, the court instructed,

If after considering the testimony and the evidence presented to you, together with the charge of the court, you should find and believe beyond a reasonable doubt that Lamar Riley . . . did on or about December 13th, 1994, commit the crime of aggravated assault with intent to rob . . . the form of your verdict would be: we, the jury, find the defendant guilty. . . .

This summary instruction, which explained how to prepare the ver-

---

[1] He was also charged with aggravated battery on Mr. Kwon and aggravated assault on Mrs. Kwon, but he was acquitted of these charges. Dix was convicted of all three charges.

dict, clearly indicated that only a finding of aggravated assault with intent to rob was available for consideration.[2]

2. Riley's request for an in camera inspection of the State's file should have been granted, and we remand for a post-trial inspection.

Prior to trial Riley filed a written request for an in camera inspection of the prosecution's entire file "to determine whether or not the defendant is entitled to listen to, inspect, copy or read, prior to trial, all or any portion of the State's file." During pretrial motions, Riley moved for an in camera inspection of the detective's investigative file for any exculpatory evidence, including witness statements. The court denied the request.

A court is required to make an in camera inspection of the prosecution's file "upon the request of a defendant dissatisfied with the State's response to the defendant's request for exculpatory material." *McNeal v. State*, 263 Ga. 397, 398 (4) (435 SE2d 47) (1993), following *Tribble v. State*, 248 Ga. 274 (280 SE2d 352) (1981). *Brady* requires information to be revealed when it is "possessed by the prosecutor or anyone over whom the prosecutor has authority." (Citation and punctuation omitted.) *Zant v. Moon*, 264 Ga. 93, 100 (3) (440 SE2d 657) (1994).

First, the State does not challenge Riley's assertion that the detective was under the prosecutor's authority and therefore covered by the request. Whether the prosecutor has authority over a certain person is determined on a case-by-case basis, reviewing the extent of interaction, cooperation and dependence of the agents working on the case. *Zant*, 264 Ga. at 100 (3). Here, Detective Walker was a detective in the homicide division of the Atlanta Police Department. He was assigned to investigate this assault and appears to have been an integral member of the prosecution team. Thus, his files are considered within the possession of the State for purposes of *Brady*. See *Owen v. State*, 265 Ga. 67, 69, n. 2 (453 SE2d 728) (1995).

At a hearing on Riley's motion to suppress witness identifications, Detective Walker testified that witness Rooks, a/k/a Antonio Martin, was not arrested in connection with this case. But counsel for Riley stated in open court, "I have a very firm recollection that [Walker] told me . . . that [Rooks] fit the description of the gunman and he was arrested. . . ." The court stated that it "had no evidence whatsoever to disbelieve [Walker]," and "until you can show me some reason to disbelieve him, I'm not going to [grant the request]." At trial, Rooks too claimed that he had been arrested as a suspect and denied that he had given the inculpatory statement.

---

[2] Riley's other charge of aggravated assault was related to Mrs. Kwon, for which he was acquitted. Thus, there was no confusion with the charge related to Mr. Kwon.

Riley argues that whether Rooks had been arrested greatly affected his credibility as the witness who claimed to have overheard the defendants having a discussion about a botched robbery attempt. "Impeachment evidence showing bias or interest on the part of a key prosecution witness falls within the *Brady* rule." (Citations and emphasis omitted.) *Belins v. State*, 210 Ga. App. 259, 261 (2) (435 SE2d 675) (1993). If Rooks was arrested as a suspect but ended up testifying against Riley, there would be a suggestion of bias. He would have had a motive to cast blame elsewhere. Because Riley made a proper request and there was evidence suggesting that Rooks had been arrested, the court should have granted the request for an in camera inspection.

The case is remanded for a post-trial examination of the State's file. *Tribble*, 248 Ga. at 276 (3); *McNeal*, 263 Ga. at 398-399 (4). Should evidence that Rooks was arrested in this case be found, then a new trial would be warranted. Riley may file a notice of appeal from the trial court's ruling on remand. Id. at 399 (4).

*Judgment affirmed in part and remanded with direction in part. Smith and Miller, JJ., concur.*

DECIDED MARCH 10, 2000.

*Steven E. Phillips*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettianne C. Hart, Assistant District Attorney*, for appellee.