A05A0316. FORD v. THE STATE.
(614 SE2d 907)

ADAMS, Judge.

Travis Martel Ford was convicted by a jury of burglary and aggravated assault. He appeals following the denial of his motion and amended motion for new trial. We affirm.

In his sole enumeration of error on appeal, Ford argues that the State failed to disclose the deal it had made with one of his co-defendants, Jolandery Raines, who testified against Ford at trial. Ford argues that although Raines testified at trial that he had entered a guilty plea to the charges against him, and that the State had recommended a sentence of 20 years, 15 to serve, the witness had in fact made a different deal for a much lesser sentence. Ford argues that there is a reasonable likelihood that the outcome of the trial would have been different had the real deal with Raines been disclosed.

Under *Brady v. Maryland,* 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963) and *Giglio v. United States,* 405 U. S. 150 (92 SC 763, 31 LE2d 104) (1972)

---

explained, the contradictory testimony must be construed against the respondent).

the State is required to disclose evidence favorable to the defendant when such evidence is material to guilt or punishment. This includes disclosure of impeachment evidence which could be used to show bias or interest on the part of a key State witness. Accordingly, the State is under a duty to reveal any agreement, even an informal one, with a witness concerning criminal charges pending against that witness, and a failure to disclose such an agreement constitutes a violation of the due process requirements of *Brady*, supra. *Giglio*, supra. In order to show that the State violated *Brady* by failing to reveal a deal with one of its witnesses, a defendant must show that the State possessed evidence of the deal; that the defendant did not possess the evidence nor could he obtain it himself with any reasonable diligence; that the State suppressed evidence of the deal; and that, had the evidence of the deal been disclosed to the defendant, there existed a reasonable probability that the result at trial would have been different. *Burgeson v. State*, 267 Ga. 102, 104 (475 SE2d 580) (1996). (Citations and punctuation omitted.) *Ferguson v. State*, 226 Ga. App. 681, 682-683 (487 SE2d 467) (1997). The burden is on the defendant to prove each of these elements. *Zant v. Moon*, 264 Ga. 93, 100 (440 SE2d 657) (1994).

*Ragland v. State*, 238 Ga. App. 664, 664-665 (519 SE2d 757) (1999).

In support of his contention that the State had a more favorable deal with Raines that it failed to disclose, Ford points to the lesser sentence that Raines in fact received,[1] to equivocations and contradictions in Raines' testimony concerning his sentence at the motion for new trial hearing, to the fact that Raines was not sentenced until almost eight months after he pled guilty and testified at Ford's trial, and to the fact that he was sentenced by another judge in another circuit who was not familiar with Ford's trial or Raines' testimony concerning the sentence recommendation.

At the motion for new trial hearing, the prosecuting attorney testified that Raines testified truthfully at trial concerning the sentence recommendation, and that "[t]here was absolutely no agreement other than 15 years to serve and then five on probation." She testified, however, that at the time of sentencing the sheriff's office

---

[1] Raines was given first offender treatment, and sentenced to two years: 250 days to serve, with credit given for time served, and the remainder of the sentence to be served on supervised probation.

opposed the sentence and recommended that Raines should be sentenced more leniently and released based on time served. She further testified that although she did not agree with that recommendation and there were heated discussions concerning the sentence in chambers, she could not remember what she stated on the record. The transcript of the sentencing hearing shows that she did not make a specific recommendation about the sentence, but expressed that "prison time would be an appropriate sentence in a case such as this." The sentencing transcript also corroborates her testimony that the sheriff requested leniency on Raines' behalf.

Moreover, although Raines' testimony at the new trial hearing was somewhat equivocal as to whether he believed at the time he testified at Ford's trial that he was going to prison, in response to further questioning by the trial court, he testified unequivocally that he understood that he had not been promised anything in return for his testimony, and that he understood that he had not been promised a specific sentence. As to the fact that Raines was sentenced by another judge, the trial judge stated on the record at the motion for new trial hearing that he had hip surgery after Ford's trial,[2] and was incapacitated for a long period of time, during which time Raines was sentenced.

Based on these facts, we cannot say that the trial court erred by concluding that Ford failed to meet his burden of showing that the State had a more favorable, undisclosed deal with Raines. *McWhorter v. State*, 271 Ga. 461, 462 (3) (519 SE2d 903) (1999); *Serrate v. State*, 268 Ga. App. 276, 279 (3) (601 SE2d 766) (2004). It follows that Ford was not improperly denied a new trial on this basis.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED MAY 16, 2005.

*Robert S. McPhail*, for appellant.
*J. Gray Conger, District Attorney, Robert H. Sandwich, Jr., Assistant District Attorney*, for appellee.

---

[2] Ford was tried and Raines initially entered his guilty plea in November 2001. The trial judge stated on the record that he had hip surgery the following February, and that he could not walk for seven months.