## S09A0985. GONNELLA v. THE STATE.
(686 SE2d 644)

HINES, Justice.

Richard Anthony Gonnella appeals from the denial of his motion for new trial following his convictions for felony murder and possession of a firearm during the commission of a crime, in connection with the death of James Williams. For the reasons that follow, we reverse.[1]

Construed to support the verdicts, the evidence showed that

---

[1] Williams was killed on September 6, 2002. On September 17, 2002, a Richmond County grand jury indicted Gonnella for malice murder, felony murder while in the commission of aggravated assault, and possession of a firearm during the commission of a crime. Gonnella was tried before a jury August 29-31, 2005, and found guilty of felony murder and possession

Christopher Eric Evans ("Evans") drove Gonnella to the apartment of Williams, seeking to purchase marijuana. Evans went to Williams's door while Gonnella waited in the car. Williams did not supply any marijuana, but stated that he had $500 and would purchase marijuana himself if Evans found a supplier. Evans and Gonnella left the apartment complex and Evans relayed to Gonnella his conversation with Williams. Gonnella stated, "If he's got $500 we're going to go back over there." The men returned to the apartment complex and Gonnella left the car and went to Williams's apartment; Evans waited in the car, heard a gunshot, and less than a minute later, Gonnella came running to the car and entered it. Gonnella told Evans that Williams reached for the pistol, a struggle ensued, and the pistol discharged, killing Williams.

The two men drove away and went to the apartment of Evans's brother, Michael Evans ("Michael"). While there, Michael asked Gonnella where the two men had been, and Gonnella said "I just killed someone." Gonnella also gave Michael the shirt that he was wearing and said to burn it. Later, Evans took the pistol Gonnella used to kill Williams to a wooded area and disposed of it. Michael later gave the shirt to investigating law enforcement officers.

Two days after the shooting, Evans volunteered to give a series of statements to the investigating law enforcement officers; through his attorney, he revealed the location of the handgun. The following day, Gonnella surrendered himself to the police. The bullet that killed Williams was recovered from his body; it had been fired from the handgun retrieved from the wooded area per Evans's directions. When fired, the muzzle of the pistol was against Williams's skin, just above his left eye, and the bullet traveled in a downward direction into his head. Blood was found on the shirt Gonnella wore on the night of September 6, 2002.

1. Gonnella asserts that the evidence was insufficient to support his convictions, arguing first that the State relied upon the uncorroborated testimony of Evans, Gonnella's accomplice.

> [T]o sustain a conviction in a felony case upon the testimony of an accomplice, there must be corroborating facts or circumstances, which, in themselves and independently of

---

of a firearm during the commission of a crime; he was acquitted of malice murder. On October 21, 2005, Gonnella was sentenced to life in prison for felony murder, and a consecutive term of five years in prison for possession of a firearm during the commission of a crime. Gonnella moved for a new trial on November 4, 2005, and amended the motion on May 4, 2007; the motion was denied on October 13, 2008. Gonnella moved for an out-of-time appeal on December 17, 2008; that motion was granted on January 15, 2009, and Gonnella filed his notice of appeal that same day. His appeal was docketed in this Court on March 5, 2009, and orally argued on June 8, 2009.

the testimony of the accomplice, directly connect the defendant with the crime, or lead to the inference that (he) is guilty. . . . [Cit.] See also OCGA § 24-4-8. The necessary corroborating evidence may be circumstantial and it may be slight. [Cits.] The sufficiency of any corroborating evidence is for the trier of fact to decide. [Cit.]

*Matthews v. State*, 284 Ga. 819, 819-820 (1) (672 SE2d 633) (2009) (punctuation omitted).

In addition to Evans's testimony regarding the events of the evening Williams was killed, there was substantial corroborating evidence; as noted above, shortly after entering Michael's apartment, Gonnella stated that he had killed someone, other witnesses corroborated Evans's testimony regarding the arrival and departure of the two men on the night of the shooting, and blood was found on the shirt Gonnella wore that night, and tried to have destroyed. The evidence of corroboration was sufficient. *Matthews*, supra.

Gonnella further urges that the evidence was insufficient to satisfy the requirements of OCGA § 24-4-6, which reads: "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." Assuming that this Code section applies,

questions as to the reasonableness of hypotheses are generally to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, that finding will not be disturbed unless the verdict of guilty is insupportable as a matter of law. [Cit.]

*Robbins v. State*, 269 Ga. 500, 501 (1) (499 SE2d 323) (1998). The evidence authorized the jury to find Gonnella guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Evans was the primary witness against Gonnella. Prior to trial, Gonnella moved for an order requiring that the State reveal any agreement between the State and any witness for the State for any consideration beneficial to that witness. A hearing was held, at which it was announced that the State had revealed to Gonnella the existence of a plea agreement with Evans. Gonnella stated that there was thus no need to pursue the hearing, and asserted his understanding that any other deals would be revealed to him. The State affirmed that it understood its obligation and would abide by the law.

Evans was indicted in a three-count indictment; Count 1 charged him with malice murder.[2] When Evans testified, the State produced a document styled "Plea Agreement," in which Evans agreed to plead guilty to voluntary manslaughter as to Count 1 of the indictment and receive a recommended sentence of twenty years, with fifteen years to be served in prison and five years to be served on probation; the State agreed to submit the remaining charges for an order of nolle prosequi. The produced agreement also set forth that Evans would testify fully and truthfully against Gonnella, and that he waived his right to a jury trial, and waived all defenses to the count on which he was sentenced. However, what the State did *not* produce was a document styled "Defendant's Change of Plea," by which Evans changed his plea to Count 1 from "not guilty" to "guilty" to the lesser crime of voluntary manslaughter. In that form document appears a sentence reading: "In addition, the defendant waives any right to modification of the sentence to be imposed pursuant to this agreement, and agrees that he shall not seek modification of said sentence in the future." On Evans's change of plea form, this text was crossed out. Thus, the documents evidencing the plea deal, on their face, demonstrate that Evans's agreement with the State was such that, contrary to the State's ordinary practice in such plea deals, Evans could, after testifying against Gonnella, seek a better outcome for himself regarding his sentence.[3]

> "The state is under a duty to reveal any agreement, even an informal one, with a witness concerning criminal charges pending against that witness, and a 'failure to disclose such an agreement constitutes a violation of the due process requirements of *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). *Giglio v. United States*, 405 U. S. 150 (92 SC 763, 31 LE2d 104) (1972).' *Owens v. State*, 251 Ga. 313 (1) (305 SE2d 102) (1983)." *Jolley v. State*, 254 Ga. 624 (331 SE2d 516) (1985). Moreover, "[i]mpeachment evidence showing bias or interest on the part of a key prosecution witness falls within the *Brady* rule." *Belins v. State*, 210 Ga. App. 259, 261 (435 SE2d 675)

---

[2] Count 2 charged him with felony murder while in the commission of aggravated assault, and Count 3 alleged the crime of possession of a firearm during the commission of a crime. The indictment also named Gonnella as co-indictee on all charges.

[3] On the day he testified against Gonnella, shortly before appearing at the trial, Evans pled guilty to voluntary manslaughter. At the trial, he testified that in exchange for the sentence he had received earlier that day, he was to testify truthfully, and he understood that if he did not do so, he could be tried for malice murder after all. He also testified that no promises had been made to him "beyond today."

(1993). Accord *Giglio v. United States*, supra at 154; *Patillo v. State*, 258 Ga. 255, 260 (368 SE2d 493) (1988).

*Owen v. State*, 265 Ga. 67, 68 (2) (453 SE2d 728) (1995) (punctuation omitted).

> To prevail on a *Brady* claim, a defendant must show that the State possessed evidence favorable to the defendant; defendant did not possess the evidence nor could he obtain it himself with any reasonable diligence; the prosecution suppressed the favorable evidence; and had the evidence been disclosed to the defense, a reasonable probability exists that the outcome of the proceeding would have been different.

*Blackshear v. State*, 285 Ga. 619, 622 (5) (680 SE2d 850) (2009).

It is uncontroverted that the State prepared and filed the documents evidencing the plea agreement, and that Evans's altered sentence form was not provided to Gonnella in its final, controlling state. The State asserts that Gonnella could have obtained knowledge of the fact that Evans would be allowed to seek a modification of his sentence, had he been reasonably diligent, citing *United States v. Payne*, 63 F3d 1200, 1208 (2nd Cir. 1995), for the proposition that "[d]ocuments that are part of public records are not deemed suppressed if defense counsel should know of them and fails to obtain them because of lack of diligence in his own investigation." But, this principle does not apply. Evans pled guilty and was sentenced on the morning of August 29, 2005, and testified against Gonnella that same day. However, his sentence was not filed with the clerk of court until September 6, 2005, and until that occurred, the sentence was not final, see *Edmondson v. State*, 285 Ga. App. 543, 545 (2) (647 SE2d 92) (2007), and was not in the public record. See *McKee v. City of Geneva*, 280 Ga. 411, 412-413 (1) (627 SE2d 555) (2006).

The State also urges that the fact that Evans retained the ability to seek a modification of his sentence was not material information, and there was no reasonable probability that the outcome of Gonnella's trial would have been different had the fact been disclosed to Gonnella. See *Hester v. State*, 282 Ga. 239, 242 (4) (647 SE2d 60) (2007). However, this ignores the importance of the ability to impeach the State's primary witness. By failing to provide Gonnella with a crucial detail regarding Evans's plea agreement, the State deprived Gonnella of the ability to impeach Evans by demonstrating a motive for him to lie; i.e., that in testifying in such a way so as to secure Gonnella's conviction, Evans would gain an avenue, provided by the State, by which he might possibly arrange for a lighter

216

sentence for himself. See *Schofield v. Palmer*, 279 Ga. 848, 853 (2) (621 SE2d 726) (2005). Although the State notes that Evans's attempt to have his sentence reduced was ultimately unsuccessful, that is of no moment; it is the deprivation of Gonnella's ability to fully cross-examine Evans based upon the State's agreement with him that constitutes the denial of due process. Gonnella should have been able to argue to the jury that: Evans had a plea agreement that left open an avenue by which he could secure a lighter sentence; the State left that avenue open for a reason, suggesting that Evans's pursuit of that avenue depended upon how he testified; and Evans thus had a motive to lie.

Nor can it be said that had Gonnella been afforded the opportunity to make these arguments, that the result of his trial would have been the same; the jury acquitted Gonnella of malice murder, and the primary evidence identifying Gonnella as the shooter came from Evans, and was buttressed by Evans's brother, who, it could be argued, would also have a motive to lie in Evans's interest. Accordingly, the denial of Gonnella's motion for new trial must be reversed.[4]

*Judgments reversed. All the Justices concur.*

DECIDED NOVEMBER 23, 2009.

*Tanya D. Jeffords*, for appellant.
*Ashley Wright, District Attorney, Charles A. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Sara K. Sahni, Assistant Attorney General*, for appellee.

---

[4] We have reviewed Gonnella's remaining enumerations of error, and find that they are either without merit or unlikely to recur on retrial.