## 37178. SARNIE v. THE STATE.

JORDAN, Chief Justice.

The Solicitor of the State Court of DeKalb County filed an accusation against Francis Arthur Sarnie, Jr., the appellant, which charged that "without provocation, [the appellant did] unlawfully use, to and of one E. L. Victoria Sweeney and in her presence, the following opprobrious words or abusive language, to wit: 'I hear that you sleep with the faculty. Whore.', said words used were fighting words."

At trial, the trial judge held that the accusation accused the appellant of a violation of Code Ann. § 26-2610, subsection (b), and, accordingly, charged said subsection to the jury. The jury subsequently returned a verdict of "guilty as charged."

1. The appellant argues that the accusation, in fact, accused the appellant of a violation of Code Ann. § 26-2610 subsection (a), and, that, consequently, the appellant's conviction under subsection (b) violates due process. We agree and reverse.

Subsection 26-2610 (a) provides that a person commits a misdemeanor when that person "without provocation, uses to or of another, in his presence, opprobrious or abusive words which by their very utterance tend to incite an immediate breach of the peace; that is to say, words which as a matter of common knowledge and under ordinary circumstances will, when used to or of another person in his presence, naturally tend to provoke violent resentment, that is, words commonly called fighting words."

Subsection 26-2610 (b) provides that a person commits a misdemeanor when that person "without provocation, uses obscene and vulgar or profane language in the presence of a female. . . ."

Comparing the language in subsections (a) and (b) of Code Ann. § 26-2610 with the accusation filed against the appellant, we hold that the accusation in fact accused the appellant of a violation of subsection (a).

"Conviction upon a charge not made would be sheer denial of due process." De Jonge v. Oregon, 299 U. S. 353, 362 (57 SC 255, 81 LE 278) (1936). "A defendant indicted for a criminal offense may be convicted under that indictment, of the offense charged therein or of any lesser offense. . . . He may not, upon his trial under that indictment, be lawfully convicted of any other criminal offense, whatever the evidence introduced against him may be." State v. Overman, 269 N. C. 453 (153 SE2d 44) (1967); accord, *Walker v. State,* 146 Ga. App. 237, 242, 244 (246 SE2d 206) (1978).

2. Under this disposition of the case, we do not reach the appellant's contention that Code Ann. § 26-2610 (b) is vague, overbroad and gender discriminatory.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 8, 1981.

*Barry A. Karp,* for appellant.
*William B. Morgan, Assistant Solicitor,* for appellee.