### 71037. KENNEDY v. THE STATE.
(340 SE2d 204)

BENHAM, Judge.

Although named in separate indictments for violating the Georgia Controlled Substances Act, appellant and Angela Young were tried together, represented by the same attorney. Appellant now contends that the attorney's dual representation was a conflict of interest which resulted in the denial of appellant's Sixth Amendment right to effective assistance of counsel. He also maintains that his oral motion for severance was improperly denied.

An undercover police officer testified that, upon making inquiries about procuring heroin, she was directed to appellant's place of business, where a man the officer identified as appellant made a telephone call after the officer's companion asked for heroin. Approximately 15 minutes later, a woman (identified by the officer as co-defendant Angela Young) entered appellant's place of business and asked the undercover officer if she were the one who wanted "it." With appellant at her side, Ms. Young stated a price of $15 and gave the officer a white waxed envelope containing a white powdery substance. The officer gave Ms. Young a $20 bill and she, in turn, gave it to appellant, who pocketed it and gave Ms. Young $5, which she gave to the officer. The officer positively identified appellant as the male involved in the heroin sale, and a State Crime Lab technician testified that the white

powder the officer had received from Ms. Young was heroin. Ms. Young testified that she was not involved in the transaction. Appellant did not testify.

1. "It is a fundamental principle that the Sixth Amendment guarantee of effective assistance of counsel includes the right of an accused to be represented by an attorney free of any conflicts of interest. [Cit.]" *Keen v. State*, 164 Ga. App. 81 (1) (296 SE2d 91) (1982). " 'In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance.' [Cits.] . . . By 'actual conflict' we mean more than the bare possibility that a conflict might have developed." *Hudson v. State*, 250 Ga. 479, 482 (299 SE2d 531) (1983).

Appellant asserts that his defense and that of his co-defendant were antagonistic and mutually exclusive, resulting in an actual conflict of interest which adversely affected the lawyer's performance. Ms. Young's defense was misidentification, i.e., that some other woman had been involved. Appellant's defense, in essence, was that if Ms. Young was not involved, then he could not have been involved either. In actuality, however, appellant's guilt or innocence was not hinged upon Ms. Young's guilt or innocence. The undercover officer stated that a sale of heroin had occurred and positively identified appellant as the man who had facilitated the sale and pocketed the proceeds. Whether or not Ms. Young was the woman involved in the sale had no bearing upon appellant's culpability. Thus, the co-defendants' defenses were not antagonistic.

Appellant also maintains that joint representation forced the attorney involved to permit a violation of the holding in *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968). In *Bruton*, the U. S. Supreme Court concluded that "evidence of the confession of a co-defendant implicating a defendant cannot be admitted against that defendant at a joint trial where the co-defendant does not take the stand and is not available for cross-examination. [Cits.]" *Hall v. State*, 161 Ga. App. 521 (1) (289 SE2d 313) (1982). In the case at bar, a witness for the State testified that appellant, after receiving his *Miranda* rights, had admitted making a telephone call to assist the undercover officer in her purchase of heroin. Contrary to appellant's assertion, the admission of the statement did not violate *Bruton* since appellant's statement in no way implicated his co-defendant.

Finally, appellant contends he suffered due to his attorney's conflict of interest in that Annie Mae Cook, the informant who accompanied the undercover officer to appellant's place of business, was not called to testify. Using Ms. Cook's affidavit, which was filed nearly five months post-trial, appellant argues she was not called to testify

despite the fact that she would have exculpated appellant because her testimony would have inculpated Ms. Young. Appellant's trial counsel also executed a post-trial affidavit in which he averred that he chose not to call Ms. Cook to testify because "she would have implicated [appellant] as a conspirator in the crime." In light of the conflicting views as to the potential content of Ms. Cook's testimony, we cannot state than an "actual conflict" of interest arose. Rather, we perceive it to be nothing more than a "bare possibility that a conflict might have developed." *Hudson v. State*, supra. Since appellant has failed to demonstrate an actual conflict of interest that adversely affected his lawyer's performance, he has not established a violation of his Sixth Amendment right to effective assistance of counsel. Id.

2. Immediately prior to the selection of a jury, counsel for appellant and his co-defendant orally moved for severance, and the motion was denied. Appellant now contends that the motion should have been granted as a matter of law since the co-defendants had antagonistic defenses.

When a non-capital felony is involved the decision on a motion to sever is within the discretion of the trial court, abuse of which discretion must amount to a denial of due process before the exercise of that discretion will be overturned. *Gaither v. State*, 160 Ga. App. 705 (4) (288 SE2d 18) (1981). Our review of appellant's motion and the ensuing trial leads us to conclude that the number of defendants did not create confusion; evidence admissible against one defendant was not considered against the other; and the defenses were not antagonistic. See *Cain v. State*, 235 Ga. 128 (218 SE2d 856) (1975). We do not find any abuse of discretion in the trial court's failure to sever the trials of the two co-defendants.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 8, 1986 —
REHEARING DENIED JANUARY 23, 1986.

*Andrew J. Ryan III*, for appellant.
*Spencer Lawton, Jr., District Attorney*, for appellee.