## 77180. WEEKS v. THE STATE.
(378 SE2d 895)

POPE, Judge.

Defendant Willie Weeks was found guilty by a jury of one count of racketeering and five counts of commercial gambling. On appeal he argues that he was denied effective assistance of counsel because his retained counsel previously represented one of the State's witnesses, and that his attorney's duty of confidentiality to his former client prevented him from conducting a thorough and sifting cross-examination of the witness.

The record shows that defense counsel's representation of the witness had ended in 1985, when the witness entered a plea of guilty to the charges against him. Defense counsel was made aware of the possibility that the witness might appear for the State prior to the time trial commenced in 1987. However, it appears that counsel did not make a formal motion to withdraw until after the State's direct examination of the witness, at which time counsel indicated to the court that the witness had made statements to counsel during his prior representation of the witness which differed from the witness' testimony at trial, but that his duty of confidentiality to his former client prevented him from inquiring into the discrepancy. Counsel did not indicate that the witness' prior statement was more favorable to his client than that asserted at trial or that his previous attorney-client relationship with the witness provided him with exculpatory information which he was unable to use at trial.

The court denied the request to withdraw, reasoning that because the discrepancy was known only to present counsel another attorney would be in no better position to cross-examine the witness, and hence defense counsel's representation of the defendant was as good as, if not better than, another attorney who lacked present counsel's specific knowledge.

1. On appeal defendant argues that his counsel's duty of confidentiality to his former client created an actual conflict of interest requiring an automatic reversal of his conviction. See *United States*

*v. Martinez,* 630 F2d 361 (5th Cir. 1980), cert. denied, 450 U. S. 922 (101 SC 1373, 67 LE2d 351) (1981). However, in *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984) the United States Supreme Court rejected a per se rule of presumed prejudice for all cases involving conflicts of interest. "Prejudice is presumed only if the defendant demonstrates that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.' " Id. at 692, citing *Cuyler v. Sullivan,* 446 U. S. 335, 348, 350 (100 SC 1708, 64 LE2d 333) (1980). "An actual conflict exists if counsel's introduction of probative evidence or plausible arguments that would significantly benefit one defendant would damage the defense of another defendant whom the same counsel is representing." *Westbrook v. Zant,* 704 F2d 1487, 1499 (11th Cir. 1983) quoting *Baty v. Balkcom,* 661 F2d 391, 395 (5th Cir. 1981), cert. denied, 456 U. S. 1011 (102 SC 2307, 73 LE2d 1308) (1982). See also *Kennedy v. State,* 177 Ga. App. 543 (1) (340 SE2d 204) (1986).

Applying this standard to the case at bar, it is clear that counsel was not "actively representing conflicting interests." As stated above, the attorney-client relationship between defense counsel and the witness ended in 1985 when the witness pled guilty to the charges against him. At the time defendant's trial commenced several years later, the former attorney-client relationship had been entirely severed. " '[A]ctive representation of conflicting interests' connotes more than merely cross-examining a former client. . . ." *United States v. Olivares,* 786 F2d 659, 663 (5th Cir. 1986).

We likewise find no merit to defendant's argument that counsel's previous representation of the witness adversely affected counsel's performance in that it prevented him from conducting a thorough and sifting cross-examination of the witness. The record shows that the attorney conducted a vigorous cross-examination, in which he attempted to show that the witness was a criminal, but that the defendant was not, and that the relationship between the defendant and the witness did not involve criminal activity. Furthermore, although counsel did owe his former client a continuing duty of confidentiality, the record does not suggest and defendant does not argue on appeal that the statement the witness had previously made to counsel was more favorable to the defendant than the testimony given at trial. Moreover, defense counsel did not seek the witness' permission to inquire into the alleged confidential matter, although the State assured the witness prior to giving his testimony that any statements made by him at trial would not be used as the basis of further prosecution. "In light of the total absence of any indication of prejudice, defendant cannot rely on speculative harm caused by speculative confidential information to show that he was deprived of his constitutional rights at trial." *United States v. Donatelli,* 484 F2d 505, 507 (1st Cir. 1973).

See also *United States v. Olivares*, supra; *Montgomery v. State*, 156 Ga. App. 448, 453 (2) (275 SE2d 72) (1980); *Dixon v. State*, 144 Ga. App. 27 (1) (240 SE2d 302) (1977).

2. Inasmuch as defendant has presented no argument or citation of authority in support of his final enumeration, it is deemed abandoned pursuant to Court of Appeals Rule 15 (c) (2).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 10, 1989 —
REHEARING DENIED FEBRUARY 21, 1989 — 

*F. Jordan Dowdell*, for appellant.

*Willis B. Sparks III, District Attorney, Kimberly S. Shumate, Vernon R. Beinke, Thomas J. Matthews, Assistant District Attorneys*, for appellee.