## S94G1626. DUKES v. THE STATE.
### (457 SE2d 556)

FLETCHER, Justice.

A jury convicted William Shane Dukes, a wrecking service and body shop owner, of the unlawful taking of two automobiles whose bodies were found in junk yards and whose motors and transmissions were recovered from another wrecking service. The Court of Appeals affirmed his convictions for theft by taking.[1] This court granted the writ of certiorari to decide whether a trial court may give a jury charge on an entire Code section that defines a crime in two ways when the indictment alleges that the defendant committed the crime in only one way. Although we affirm one conviction, we reverse the second conviction because the jury charge violated due process by permitting the jury to convict Dukes of a theft for which he had no notice.

A grand jury indicted Dukes for the unlawful taking of a 1989 red Toyota Tercel that NationsBank had repossessed and a 1990 white Dodge Spirit that the state owned. A loan officer testified that she asked Dukes to put the repossessed car in storage, noticed on the next day that the car was gone, and reported the car stolen when Dukes said that he had not picked it up. Dukes' former employee testified that Dukes and he removed a 1989 Toyota Tercel from the bank's parking lot and that he saw a 1990 white Dodge Spirit at Dukes' garage. The evidence shows that a salvage company bought a 1989 Toyota Tercel's motor, transmission, and door from Dukes and a police officer recovered a 1990 Dodge Spirit's motor and transmission from the same company. The trial court gave a jury charge that quoted the entire theft-by-taking Code section, defining the crime as either: 1) the unlawful taking of another's property, or 2) the unlawful appropriation of another's property while in lawful possession of it.[2] No limiting instruction was given, and Dukes reserved his right to object to the jury charge. The jury convicted Dukes of two counts of theft by taking.

In determining whether the difference between an indictment's allegation and the evidence at trial requires reversal of a criminal conviction, this court relies on a due process rationale.[3] The proof at trial must correspond with the allegations so that defendants are notified of the charges brought against them. This notice enables them to present their defense without surprise and to protect them against a sec-

---

[1] *Dukes v. State*, 213 Ga. App. 701 (446 SE2d 190) (1994).

[2] OCGA § 16-8-2 (1992).

[3] See Ga. Const., Art. I, Sec. I, Par. I ("No person shall be deprived of life, liberty, or property except by due process of law.").

ond prosecution for the same offense.[4]

This court applies the same due process analysis when the trial court's jury charge differs from the indictment. For example, if a jury charge recites the entire statutory definition of a crime and the indictment does not, the deviation may violate due process unless a limiting instruction is given.[5] Without the remedial instruction, the conviction is defective because "there is a reasonable possibility that the jury convicted the defendant of the commission of a crime in a manner not charged in the indictment."[6] Thus, we reversed a conviction for breach of the peace when the trial court charged the jury that the statute prohibited abusive language, when the indictment accused the defendant of violating the subsection that prohibited fighting words.[7]

Similarly, the Georgia Court of Appeals has reversed convictions when the indictment specified that the crime was committed one way, but the trial court charged the jury that the crime could be committed two ways.[8] The key Court of Appeals' case, *Walker v. State*, involved the theft-by-taking statute that Dukes was convicted of violating.[9] In that case, the Court of Appeals reversed the theft-by-taking conviction because the indictment charged that the defendant committed theft by one method while the court charged that theft could be committed by either of the statutory methods and gave no limiting instruction. Relying on the *Walker* decision, the pattern jury instructions advise against giving both theft-by-taking definitions "unless each is separately involved."[10]

As in *Walker*, the indictment here accused Dukes of theft by one method — the unlawful taking, but the trial court gave both definitions of the crime. The court did not instruct the jury to limit its consideration to the unlawful-taking method specified in the indictment. We conclude that this jury charge was misleading because it suggested that the jury could convict Dukes of stealing the Toyota Tercel if the evidence established either method of theft by taking. Since the loan officer testified that she asked Dukes to store the Tercel in his garage, the jury could have concluded that he lawfully pos-

---

[4] See *De Palma v. State*, 225 Ga. 465, 469-470 (169 SE2d 801) (1969) (quoting *Berger v. United States*, 295 U. S. 78, 82 (55 SC 629, 79 LE 1314) (1935)).

[5] See *Lumpkin v. State*, 249 Ga. 834, 836 (295 SE2d 86) (1982).

[6] *Childs v. State*, 257 Ga. 243, 253 (357 SE2d 48) (1987).

[7] See *Sarnie v. State*, 247 Ga. 414 (276 SE2d 589) (1981) (interpreting the predecessor of OCGA § 16-11-39); see also *Kevinezz v. State*, 265 Ga. 78, 82 (454 SE2d 441) (1995) (reversing conviction for vehicular homicide when indictment alleged one method of committing the crime but jury charge specified another method).

[8] See *Lyman v. State*, 188 Ga. App. 790 (374 SE2d 563) (1988); *Gaines v. State*, 177 Ga. App. 795, 796-797 (341 SE2d 252) (1986).

[9] *Walker v. State*, 146 Ga. App. 237 (246 SE2d 206) (1978).

[10] II Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions: Criminal Cases 107 (2d ed. 1991).

sessed the car when he unlawfully appropriated its parts. Without a limiting instruction directing the jury to consider only whether Dukes committed an unlawful taking of the bank's car, the jury charge on unlawful appropriation violated due process.

In affirming the theft-by-taking convictions, the Court of Appeals cites *Anderson v. State*, for the general rule that courts usually do not grant a new trial when an entire Code section is given.[11] That rule does not apply to the theft of the Toyota Tercel. First, the general rule against granting new trials does not apply when giving an entire Code section violates a constitutional right. Second, the erroneous charge could have applied to the theft of the bank's car "under the facts in evidence" in this case, unlike the *Anderson* case where the evidence did not support the inapplicable instruction. Third, both the indictment and the jury charge in *Anderson* included all the statutory definitions of driving under the influence, whereas only the jury charge in this case quoted the entire theft-by-taking statute.

Since we hold that Dukes' due process right to notice of the charges brought against him was violated when he was tried on a theft charge that was not alleged in the indictment, his conviction for theft of the bank's car must be reversed. But we affirm his conviction for unlawfully taking the 1990 Dodge Spirit because the jury could not have convicted him of theft by unlawful appropriation. For example, the probation officer who drove that car testified that she never asked Dukes to work on it nor permitted him to remove its parts. Without any evidence establishing that he lawfully possessed the state's car, the giving of the entire Code section did not mislead the jury or violate his due process rights.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED MAY 30, 1995.

*W. Washington Larsen, Jr., Celia Larsen,* for appellant.
*Ralph M. Walke, District Attorney, L. Craig Fraser, Assistant District Attorney,* for appellee.

---

[11] See *Dukes*, 213 Ga. App. at 703 (quoting *Anderson v. State*, 262 Ga. 26, 27 (413 SE2d 732) (1992)).