## A96A0583. GREEN v. THE STATE.
(472 SE2d 457)

BLACKBURN, Judge.

Jeffrey Green was convicted of armed robbery and aggravated assault. The trial court denied his motion for a new trial, and he appeals.

1. In his first enumeration of error, Green contends that the trial court erred in permitting the State, over objection, to ask potential jurors who indicated that they knew someone who used cocaine, how evidence of a witness's drug use would affect their perception of that witness's credibility.

"[H]ypothetical voir dire questions are not per se improper, in that voir dire should allow both parties an opportunity to ascertain the ability of the prospective jurors to decide the case on its merits, with objectivity and freedom from bias and prior inclination. Since the distinction between questions which ask jurors how they would decide issues and questions which merely inquire whether jurors can start the case without bias or prior inclination is not always crystal clear, the control of the voir dire examination is vested in the sound legal discretion of the trial judge and will not be interfered with by this court unless the record clearly shows an abuse of that discretion." (Citations and punctuation omitted.) *Atlantic Zayre v. Meeks*, 194 Ga. App. 267, 270-271 (390 SE2d 398) (1990). As the trial court accepted the State's explanation that it was merely trying to determine if any potential jurors had biases against witnesses who used drugs, we find no abuse of discretion in the instant case. Accordingly, this enumeration is without merit.

2. In his second enumeration of error, Green contends that the trial court erred in giving a jury instruction on aggravated assault which allowed the jury to convict him of a crime for which he had not been indicted. The instruction provided: "A person commits the offense of aggravated assault when that person assaults another person with the intent to rob or with a deadly weapon or with any object, device or instrument which when used offensively against a person is likely to or actually does result in serious bodily injury." See OCGA

§ 16-5-21. The count in the indictment accusing Green of committing aggravated assault alleges that Green struck and beat a victim with a pistol, but did not allege that Green intended to rob the victim. Thus, Green, citing *Dukes v. State*, 265 Ga. 422 (457 SE2d 556) (1995), alleges the trial court violated his due process rights by instructing the jury that he could be convicted for aggravated assault if they find that he assaulted another person with the intent to rob because that was not specifically alleged in the aggravated assault count. In *Dukes*, the defendant was indicted for two counts of theft by taking in violation of OCGA § 16-8-2 on the grounds that he unlawfully took two vehicles. The trial court, however, gave a jury charge that quoted the entire theft by taking Code section, defining the crime as either: 1) the unlawful taking of another's property, or 2) the unlawful appropriation of another's property while in lawful possession of it. The Supreme Court of Georgia affirmed one conviction for theft by taking but reversed the other conviction because, in light of the evidence presented, there was a reasonable possibility that the jury could have concluded that the defendant was in lawful possession of one of the vehicles, but unlawfully appropriated its parts. The Supreme Court of Georgia determined that the variance between the indictment and jury charge violated the defendant's due process rights by not providing him proper notice of the charges he must defend.

The instant case is distinguishable. The reversal in *Dukes* was based on the fact that there was sufficient evidence to suggest a reasonable possibility that the defendant violated the statute as charged to the jury, but did not do so in the manner alleged in the indictment, violating the defendant's due process right to notice of the charges against him. The same is not true in the case sub judice.

Green's jury was given a copy of the indictment, on which they wrote their verdict as to the various counts contained therein. Count 3 of the indictment provided as follows: "THE GRAND JURORS . . . *charge* and accuse *JEFFREY GREEN with the offense of — AGGRAVATED ASSAULT for that said accused . . . did unlawfully commit an assault upon the [victim] by striking and beating him with a pistol*, thereby placing him in reasonable apprehension of immediately receiving serious bodily injury." (Emphasis supplied.) No mention of intent to rob was made. In support of the aggravated assault count, a witness testified that Green hit the victim in the head with the pistol so violently that it sounded like a shot and resulted in bleeding. The jury signed a verbatim copy of Count 3 of the indictment as follows: "We the jury find the defendant guilty *as charged*." (Emphasis supplied.) Therefore, we find that there is no reasonable possibility that the jury believed that Green committed an aggravated assault, but did not do so in the manner alleged in the indictment. Furthermore,

we do not believe that Green's due process rights were violated simply because the jury may have *also* believed that the assault was committed with the intent to rob. Under the facts of this case, unlike the facts of *Dukes*, the defendant was not denied a fair trial as a result of the faulty jury charge because it is apparent that no harm resulted from said charge. Therefore, this enumeration is without merit.

3. In his third enumeration of error, Green contends that the trial court erred in refusing to charge the jury on the lesser included offense of battery.

Striking and beating a victim with a pistol is an aggravated assault. The indictment alleged and the evidence showed that an aggravated assault occurred. Moreover, Green merely testified that he had no idea how the victim was injured. Therefore, the evidence did not warrant a charge on battery. See *Scott v. State*, 208 Ga. App. 561, 562 (430 SE2d 879) (1993).

4. In his fourth enumeration of error, Green contends that the trial court erred in limiting portions of his testimony on hearsay grounds because the excluded testimony was reliable and would have supported the argument that he was framed. Green, however, acquiesced in the trial court's sustaining of the State's hearsay objections, and no offer of proof was made. Therefore, we are unable to review this enumeration. See *Pittman v. State*, 208 Ga. App. 211, 218 (430 SE2d 141) (1993). Moreover, in support of this enumeration of error, Green relies on *Chambers v. Mississippi*, 410 U. S. 284 (93 SC 1038, 35 LE2d 297) (1973) and *Green v. Georgia*, 442 U. S. 95 (99 SC 2150, 60 LE2d 738) (1979), in which the United States Supreme Court ruled that the confessions of a third party were admissible as an exception to the hearsay rule, dependent upon a finding that the out-of-court statements demonstrated a *strong indicia* of reliability. *Davis v. State*, 194 Ga. App. 482, 484-485 (391 SE2d 124) (1990). However, unlike the defendants in *Chambers* and *Green*, Green does not argue on appeal that the excluded out-of-court statements consisted of third-party confessions, nor has he established a *strong indicia* of their reliability. See *Timberlake v. State*, 246 Ga. 488, 492-493 (271 SE2d 792) (1980) (distinguishing the exception to the hearsay rule created by *Chambers* and *Green*). In light of the above, this enumeration is without merit.

5. In his fifth and sixth enumerations of error, Green alleges that the trial court erred in limiting his ability to cross-examine the State's witnesses about past drug usage. Green claims that he innocently stumbled into a drug deal gone bad that involved certain witnesses, and that he was framed for the armed robbery of these witnesses so as to draw attention away from their criminal activity. Green argues that evidence of the witnesses' past drug usage is rele-

vant because it establishes their motive for testifying falsely against him. Green, however, does not cite to any evidence in the record, nor can we find any, that a drug deal occurred on the day in question. Moreover, apparently it was one of the witnesses who called the police.

Evidence that the witnesses were involved in illegal drug activities prior to the date in question renders the desired inference that they framed Green to cover their own criminal conduct more probable than the inference would be without the evidence. Therefore, it should not have been excluded. See *Henderson v. State*, 255 Ga. 687, 689 (341 SE2d 439) (1986). However, in view of the overwhelming evidence of guilt consisting of the sworn testimony of several witnesses and the tenuous relevance of the witnesses' drug usage *prior* to the date in question, it is highly probable that the error did not contribute to the jury's verdict. See *Hodges v. State*, 265 Ga. 870, 874 (463 SE2d 16) (1995). Accordingly, the exclusion of the proffered evidence was harmless.

6. In his seventh enumeration of error, Green contends that he was denied his right of confrontation of witnesses guaranteed by the Sixth and Fourteenth Amendments. Green's lawyer had previously represented one of the State's witnesses in a prior matter whereby the witness pled guilty to possession of cocaine. Green contends that, as a result of the prior representation, his lawyer was unable to effectively cross-examine and impeach the witness with his earlier conviction. The record, however, reveals that Green's counsel testified that he did not realize that the State's witness was a previous client of his when he cross-examined the witness. Moreover, Green's counsel testified that the only reason that he did not impeach the State's witness with his prior conviction was because on cross-examination the State's witness denied that he was the individual convicted.

"[T]he United States Supreme Court rejected a per se rule of presumed prejudice for all cases involving conflicts of interest. Prejudice is presumed only if the defendant demonstrates that counsel actively represented conflicting interests and that an actual conflict of interest adversely affected his lawyer's performance." (Citation and punctuation omitted.) *Weeks v. State*, 190 Ga. App. 373, 374 (378 SE2d 895) (1989). As to the first part of this test, a defense counsel's cross-examination of a former client who is now a State's witness does not amount to " 'actively representing conflicting interests.' " Id. As to the second part of the test, in light of the lawyer's failure to realize that he was cross-examining a former client, Green has not demonstrated that the prior representation negatively affected his lawyer's performance. In light of the above, no prejudice was proven, nor can it be presumed. As a result, this enumeration is without merit.

7. In his eighth enumeration of error, Green contends that he

was denied effective assistance of counsel, citing a laundry list of alleged errors which overlap with his first seven enumerations. In light of our discussion in Divisions 1 through 6 of this opinion, this enumeration is without merit.

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED MAY 29, 1996 —
RECONSIDERATION DENIED JUNE 13, 1996 —

*Jonathan D. Gaul*, for appellant.

*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Suzanne W. Ockleberry, Assistant District Attorneys*, for appellee.