### A97A0268. HARPER v. THE STATE.
(484 SE2d 307)

MCMURRAY, Presiding Judge.

Defendant James Shivers Harper, Jr., a/k/a James S. Harper, was charged in an indictment with burglary (Count 1), possession of a tool for the commission of a crime, namely a crack pipe (Count 2), and two counts of "OBSTRUCTION" (of a law enforcement officer) (Counts 3 and 4). Representing himself, defendant entered a written guilty plea to all offenses. But defendant claimed he was in fact

guilty "as to crack pipe only [and was] pleading because it's in [his] best interest." Defendant was sentenced to "9 years to serve . . ." as to Count 1; "5 years conc." as to Count 2; "12 months conc." as to Count 3 and "12 mos. conc." as to Count 4. From the judgment of conviction and sentence entered on his negotiated guilty plea, defendant brings this pro se appeal. *Held*:

1. Defendant first complains that his guilty plea was not entered into freely and voluntarily because he "did not receive adequate notice of the offense to which he plead [sic]." Specifically, he argues that he did not receive " 'real notice' of the true nature of the charge against [him,]" regarding possession of a crack pipe as a tool for the commission of a crime.

The form for defendant's guilty plea shows he wrote "Yes" in response to whether he knew the offenses for which he was charged; whether he understood that the maximum possible penalty was 27 years; whether he understood that, by pleading guilty, he was giving up: "the right to hear the evidence against [him] and the right to confront [his] accusers; the right to be represented by a lawyer at trial; the right to testify and offer evidence on [his] own behalf; the right to subpoena [his] own witnesses; the privilege against self incrimination; and the presumption of innocence" and whether he understood the terms of the State's offer. After specifying that defendant was charged with "burglary, possession of a crack pipe, . . . and two counts of misdemeanor obstruction," the State's attorney offered a negotiated sentence of "nine years to serve," for burglary, and "concurrent time on everything else." In open court, in response to direct questioning by the trial court, defendant twice affirmed he understood he was "charged with the following offenses: Burglary in count one, possession of a tool for the commission of a crime, which is the crack pipe, . . . count two, count three is obstruction of a misdemeanor nature, and count four is obstruction of a misdemeanor nature, do you understand that?"

In the case sub judice, the trial court apprised the defendant of the offenses of which he was charged, enumerated and explained in detail the rights which defendant would be giving up if he pleaded guilty and the other consequences of such a plea, and carefully inquired whether he understood those consequences. In our view, this represents precisely that " 'utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. . . .' [Cit.]" (Emphasis omitted.) *Purvis v. Connell*, 227 Ga. 764, 766 (182 SE2d 892). "We hold that the trial court adequately resolved on the record that [defendant] entered his pleas voluntarily and with an understanding of the nature of the charges and the consequences of the pleas." *Green v. State*, 265 Ga. 263 (1), 264 (454

SE2d 466).

2. In his second enumeration, defendant contends the indictment failed to charge any cognizable offense, arguing that a crack "pipe itself cannot be linked to cocaine usage, unless the State Crime Lab conduct[s] [a] test."

"A plea of guilty intelligently and voluntarily given amounts to a waiver of defenses known and unknown. *Brown v. Caldwell*, 229 Ga. 186 (190 SE2d 52) (1972)." *Carroll v. Holt*, 251 Ga. 144 (304 SE2d 60). Such a waiver includes "all defenses to the indictment. [Cits.]" *Lawson v. State*, 204 Ga. App. 796 (1) (420 SE2d 600). In the case sub judice, defendant's voluntary guilty plea amounts to a waiver of any valid exception to the indictment.

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED MARCH 17, 1997.

James S. Harper, Jr., *pro se.*

*Spencer Lawton, Jr., District Attorney, Jon Hope, Assistant District Attorney*, for appellee.