A01A1583. THE STATE v. HAMMONS.
(555 SE2d 890)

SMITH, Presiding Judge.

James Hammons voluntarily entered a guilty plea to a felony offense, vehicular homicide in the first degree, and received a 15-year prison sentence. After serving about nine years of that felony sentence, Hammons sought and obtained misdemeanor punishment. The State then filed this appeal. Because we find that the trial court erred in resentencing Hammons for a misdemeanor offense, we vacate and remand.

On December 12, 1991, Hammons pled guilty to vehicular homicide in the first degree. A sentence review panel affirmed that 15-year sentence. Dissatisfied with his continuing incarceration, Hammons filed unsuccessful pro se motions seeking to withdraw his guilty plea or, in the alternative, to have his sentence modified.[1]

---

[1] In a letter to the trial court, he complained that other inmates had been sentenced to less time for the same offense and claimed that his lawyer had misled him into believing that he would serve only 40 months.

Despite having entered a guilty plea to vehicular homicide in the first degree, a felony then requiring imprisonment for not less than two years nor more than fifteen years, Hammons filed a "Motion to Enter Valid Judgment" to seek a misdemeanor sentence. See OCGA § 40-6-393 (a). For the first time, Hammons argued that Count 1 of the accusation had charged him with a misdemeanor, so that when he pled guilty to Count 1, he should have received a misdemeanor sentence.

Finding itself constrained chiefly by *Smith v. Hardrick*, 266 Ga. 54 (464 SE2d 198) (1995), the trial court reluctantly granted Hammons's motion. In resentencing Hammons, the trial court noted that after careful review of the record,

> there is no doubt that all parties understood this negotiated plea and understood and accepted the sentence to be imposed. At the time of the plea, a scrivener's error was made on the Accusation. The consequences of the State's miswording of its Accusation are harsh under these circumstances, and it is distasteful to allow the Defendant to now benefit because he freely and voluntarily pled guilty to a crime which was and which he believed to be a felony punishable by fifteen years imprisonment.

The trial court then resentenced Hammons to 12 months in jail and payment of a $1,000 fine. In its appeal, the State argues that this case is not controlled by *Hardrick*, supra. We agree; we therefore vacate and remand.

1. As a preliminary matter, we address Hammons's motion to dismiss the State's appeal on jurisdictional grounds. Hammons claims that this appeal is not authorized by OCGA § 5-7-1. We disagree. Because the order being appealed effectively sets aside a felony conviction based on legal grounds appearing on the face of the record, the order may be fairly viewed as an arrest in judgment appealable under OCGA § 5-7-1 (a) (2). See *State v. Freeman*, 272 Ga. 813, 814 (1) (537 SE2d 92) (2000).

2. Next, we address the merits of the State's appeal. The criminal conduct occurred on November 16, 1991, during a high-speed chase when Hammons ignored a stop sign and his vehicle rammed into another car, killing the driver of the other vehicle. At the time of the fatality, Hammons was an habitual violator and was driving a vehicle after drinking alcohol. The State drafted an eight-count accusation that included charging Hammons with committing vehicular

homicide in the first degree (Count 1).[2] Count 1, however, was imperfectly phrased because it charged Hammons with committing "VEHICULAR HOMICIDE IN THE FIRST DEGREE" by unlawfully causing the death of another person by running a stop sign and did not properly set out the statutory elements for that offense. See OCGA § 40-6-393 (a).

At the call of the case, Hammons faced a possible 15-year sentence for vehicular homicide in the first degree plus additional prison time for the other crimes. As part of a negotiated plea, in exchange for Hammons's agreement to enter a guilty plea to vehicular homicide in the first degree, the State agreed to enter a nolle prosequi on the remaining charges. See *Sample v. State*, 232 Ga. App. 690, 693 (2) (503 SE2d 576) (1998) (when the State uses its discretion to nolle prosequi charges pursuant to a negotiated plea, doing so does not mean the crimes were not committed). After verifying that Hammons had been advised of his rights and had discussed the charges with his counsel, and after confirming that Hammons had truthfully completed a plea of guilty and waiver of rights form, the trial court engaged in this colloquy with Hammons:

> THE COURT: Do you know what you are charged with?
> THE WITNESS: Yes, sir. Vehicular homicide.
> THE COURT: So do you know what the maximum for that could be?
> THE WITNESS: I think it was 20 something [years].
> THE COURT: Fifteen.
> MS. AVANS (defense counsel): There were some misdemeanors also, but they were going to be dismissed.
> THE COURT: I find the plea is free and voluntary and the defendant understands the nature of the charges. Now, what transpired?
> THE WITNESS: I hit a man, sir.
> MS. AVANS: He needs to know.
> THE WITNESS: I killed a man, sir. I'm guilty.
> THE COURT: How did that occur?
> THE WITNESS: In a high-speed chase, when I was drinking. I didn't see him until it was too late.
> THE COURT: Was this young man from Norcross?
> THE WITNESS: Yes.

---

[2] The other counts were: driving a vehicle without a valid license while being a habitual violator (Count 2); driving under the influence of alcohol to an extent less safe to drive (Count 3); driving without wearing a seat belt (Count 4); driving in reckless disregard for the safety of persons and property (Count 5); wilfully attempting to elude a pursuing police officer after being given both visual and audible signals to stop (Count 6); speeding by driving at a speed over 100 mph in a 50-mph area (Count 7); and running a stop sign (Count 8).

THE COURT: What is the negotiation?

MS. WILBANKS (for the State): We are recommending the maximum sentence on the vehicular homicide, which is 15 years, and he has agreed to plead to that and we have agreed to do that, and he agreed to a revocation concurrent with that.

THE COURT: Is that correct, sir?

THE WITNESS: Yes.

Nearly ten years after entering into this plea bargain, Hammons filed a motion seeking a misdemeanor sentence. Although styled as a "Motion to Enter Valid Judgment," the substance of the motion alleged a fatal defect in the accusation, and the motion sought to set aside the judgment entered on the guilty plea. See *Walker v. State*, 199 Ga. App. 701, 702 (405 SE2d 887) (1991) (substance and function not nomenclature determine nature of a motion).

We find that Hammons's motion should have been denied for two reasons.

(a) Hammons's failure to timely challenge the phrasing of the accusation resulted in the waiver of that issue. When an indictment or an accusation charges an offense that is capable of being committed in more than one way and fails to specify the way in which the crime was committed, that deficiency subjects the indictment or accusation to a proper special demurrer. *State v. Black*, 149 Ga. App. 389, 391 (4) (254 SE2d 506) (1979). Unquestionably, homicide by vehicle in the first degree can be committed in more than one way. See OCGA § 40-6-393 (a), (c). To have properly tracked the statutory language, Count 1 should have charged Hammons with homicide by vehicle in the first degree by reckless driving, or by DUI, or by attempting to elude police. See OCGA § 40-6-393 (a).

But the right to be tried upon an indictment that is perfect in form and in substance is waived when a defendant fails to timely and properly challenge the indictment. *McKay v. State*, 234 Ga. App. 556, 558 (2) (507 SE2d 484) (1998). Because Hammons failed to challenge the accusation by way of special demurrer or by filing a motion to quash before entering his guilty plea, he waived the right to a perfect accusation. See *England v. State*, 232 Ga. App. 842, 844 (2) (a) (502 SE2d 770) (1998); compare *Black*, supra.

As in *England*, the transcript makes abundantly clear that Hammons knew that he was pleading guilty to a felony. Id. at 845. Hammons testified that he understood the charge of vehicular homicide and knew he could be sentenced to 15 years on that charge. He acknowledged in writing having read the accusation and admitted in open court having "killed a man" during a high-speed chase after he had been drinking. When the proceeding as a whole is reviewed,

there was ample evidence to encompass all the factual and legal elements of the felony offense for which Hammons entered the guilty plea. See *Wharton v. Anderson,* 270 Ga. 22, 24 (2) (504 SE2d 670) (1998); *Sample,* supra at 692 (1). And, as in *England,* if Hammons questioned whether he was entering a plea to a felony charge, he should have raised the issue during the hearing. Since he failed to do so, he cannot now complain. See *Harper v. State,* 225 Ga. App. 510, 512 (2) (484 SE2d 307) (1997) (by intelligently and voluntarily entering a guilty plea, a defendant waives all defenses known and unknown).

But even if we consider Hammons's "Motion to Enter Valid Judgment" as a motion in arrest of judgment, such a motion "must be made during the term at which the judgment was obtained." OCGA § 17-9-61 (b). And, a motion in arrest of judgment due to a defective indictment should be granted only when the indictment is absolutely void. *Campbell v. State,* 223 Ga. App. 484, 485 (3) (477 SE2d 905) (1996). Since Count 1 of the accusation is not absolutely void, a motion in arrest of judgment was not timely made, and Hammons waived his right to raise this argument on appeal. *England,* supra; *Dunbar v. State,* 209 Ga. App. 97, 98 (2) (432 SE2d 829) (1993).

(b) Second, the law is well settled that " '[a] plea of guilty is a conviction of the highest order and waives all defenses other than that the *indictment charges no crime.*' [Cit.]" (Emphasis in original.) *Williams v. State,* 174 Ga. App. 506, 507 (330 SE2d 435) (1985). Hammons therefore waived every defense except that the accusation did not charge him with a criminal offense.[3] See *Edmond v. State,* 214 Ga. App. 707, 708 (1) (448 SE2d 775) (1994). Count 1 plainly accused Hammons of a crime, committing "VEHICULAR HOMICIDE IN THE FIRST DEGREE," a charge to which Hammons entered the negotiated plea to avoid a greater sentence for his crimes. See *Powell v. State,* 229 Ga. App. 52, 53 (494 SE2d 200) (1997) (public policy and great ends of justice foreclose avoiding terms of plea agreement).

Hammons's reliance upon *Hardrick,* supra, a case reviewing a habeas proceeding, is misplaced. In *Hardrick,* unlike here, the indictment was fatally defective because it did not charge Hardrick with *any* criminal offense whatsoever. Id. at 55-56. The indictment lodged against Hardrick failed to include two essential elements of aggravated assault, alleging only that Hardrick "did make an assault upon the victim by placing his hand around her neck and using his hands to apply pressure to her neck contrary to the law." (Punctuation omitted.) Id. at 54. The Supreme Court criticized this aggravated assault

---

[3] At the motion hearing, his defense counsel stated, "I don't think there's any question that the plea was freely and voluntarily entered but the problem is that because of the way the case was accused, he was over-sentenced for it."

charge as being so poorly drafted that licensed chiropractors could, in theory, have unwittingly run afoul of the allegations. Id. at 56. The Supreme Court found that "[b]ecause the indictment was so fundamentally flawed as to charge no crime at all, when Hardrick pled guilty to the allegations in the indictment, he did not thereby admit to any criminal conduct." Id. at 56 (3).

Here, Count 1 of the accusation did, in fact, charge Hammons with a crime, and as the transcript amply documents, Hammons admitted having killed a man during a high-speed chase after he had been drinking. Compare *McCain v. Smith*, 221 Ga. 353, 354 (144 SE2d 522) (1965); see *Williams*, supra at 507. Since Hammons's motion was not meritorious, the trial court should have denied it. We therefore vacate the order entered on March 1, 2001, and direct the trial court to reinstate the original sentence that was imposed for vehicular homicide in the first degree. See *Phillips v. State*, 236 Ga. App. 744, 746 (1) (512 SE2d 32) (1999).

*Judgment vacated and case remanded with direction. Barnes and Phipps, JJ., concur.*

DECIDED NOVEMBER 1, 2001 — 

*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellant.
*Kathleen J. Anderson*, for appellee.