A04A2380. WHITLEY v. THE STATE.
(606 SE2d 678)

ELDRIDGE, Judge.

In March 2001, Jeffrey Lynn Whitley pled guilty upon an accusation to the offenses of second degree forgery and financial transaction card theft, for which he was sentenced to five years probation. In June 2004, he filed a "Motion to Vacate" the sentence based upon alleged procedural errors in the taking of the plea. Specifically below, as he repeats before this Court, Whitley claimed that, while a defense attorney was present with him during the taking of the plea, it was not the attorney he was expressly appointed. He also challenged the entry of his plea to the lesser included offense of second degree forgery, when the accusation charged him with first degree forgery. Whitley did not and does not challenge the knowing and voluntary nature of the entry of the plea; nor has he urged a claim of ineffective assistance of counsel.

---

The alleged procedural defects raised by Whitley are waived by the knowing and voluntary entry of his plea with the effective assistance of counsel.[1] Further, while styled a "Motion to Vacate" an allegedly "void" sentence, the contents of the motion belie the style.

> Looking at the substance of the motion rather than its nomenclature, the filing was actually a motion to withdraw a guilty plea. His motion is thus untimely because it was filed after the term of court in which the plea was entered. Since [Whitley's] only remedy for challenging his guilty plea is through the writ of habeas corpus, the trial court did not err by [denying] his motion.[2]

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED NOVEMBER 16, 2004.

Jeffrey L. Whitley, *pro se.*
*Kelly R. Burke, District Attorney, Jason E. Ashford, Assistant District Attorney,* for appellee.

---

[1] *Balkcom v. McDaniel,* 234 Ga. 470, 471 (2) (216 SE2d 328) (1975); *State v. Hammons,* 252 Ga. App. 226, 230 (2) (b) (555 SE2d 890) (2001).

[2] (Citations omitted.) *Thompson v. State,* 274 Ga. 818 (559 SE2d 730) (2002).