S05A0395. PETTY v. SMITH.

(612 SE2d 276)

HUNSTEIN, Justice.

Rico D. Petty petitioned for habeas corpus contending, inter alia, that he received ineffective assistance of counsel in that his decision to plead guilty to felony murder and aggravated assault was based on counsel's misunderstanding of the law of merger. The habeas corpus court denied Petty's petition and we granted him a certificate of probable cause to appeal that ruling. For the following reasons, we reverse.

The record reveals that Petty was charged in a three-count indictment. Count 1 alleged Petty committed malice murder "by shooting [the victim] with a shotgun." As to Count 2, felony murder, the indictment alleged that Petty "while in the commission of the offense of Aggravated Assault, did cause the death of [the victim] by

---

[5] *Klinect*, 269 Ga. at 573.

[6] See *Watson*, 278 Ga. at 771.

shooting him." The language of the indictment for Count 3, aggravated assault, averred that Petty "did make an assault upon the person of [the victim] with a shotgun, a deadly weapon." The evidence of these crimes, as set forth by the prosecutor at the plea hearing, showed that Petty, co-defendant Thurman and another man picked up the victim as part of a drug deal and took the victim to an isolated area in DeKalb County. After Thurman, Petty and the victim exited the car, Thurman beat the victim so severely it left him struggling on the ground. Petty then walked up with a 12-gauge shotgun and shot the victim in the chest, causing him to bleed to death.

Based on his trial counsel's advice, Petty agreed to plead guilty to both the felony murder charge and the aggravated assault charge. Counsel's advice was based on her assessment that Petty would get a more favorable sentence by pleading guilty, in that if Petty went to trial, he faced a possible life sentence (if convicted of either malice or felony murder) with a *consecutive* 20-year sentence if convicted on the aggravated assault charge, whereas by accepting the State's plea offer and pleading guilty, Petty would get a life sentence with a *concurrent* 20-year sentence for the aggravated assault. In rendering this advice, Petty showed through the guilty plea transcript and testimony given at the habeas corpus hearing that trial counsel was operating under the belief that Petty could be convicted of aggravated assault based upon the beating of the victim by co-defendant Thurman.

We agree with Petty that trial counsel's advice was based upon an incorrect understanding of the law. The language in the indictment charging Petty with aggravated assault specified that the assault was made "with a shotgun, a deadly weapon." While Petty could have been indicted for aggravated assault based on the beating, see *Hewitt v. State*, 277 Ga. 327 (1) (e) (588 SE2d 722) (2003), and could have been convicted of that assault as a party to the crime, see OCGA § 16-2-20; see generally *Brown v. State*, 278 Ga. 724 (1) (609 SE2d 312) (2004), no such basis was set forth in Petty's indictment. The law is clear that where an indictment charges a defendant with committing an offense by one specific method, the defendant cannot be convicted of that offense based on a totally different, unspecified method. To do so violates a defendant's rights under the Due Process Clause. See *Dukes v. State*, 265 Ga. 422 (457 SE2d 556) (1995) (due process right to notice of charges brought against accused violated when accused was tried and convicted on a charge that was not alleged in the indictment); see also *Scott v. State*, 274 Ga. 153 (2) (549 SE2d 338) (2001) and *Harwell v. State*, 270 Ga. 765, 766 (1) (512 SE2d 892) (1999) (due process violation to instruct jury on unindicted manner of committing the crime charged). Accordingly, Petty could not have been convicted of aggravated assault based on the beating of

the victim because Petty's indictment gave him no notice that he could be charged with and convicted of aggravated assault of the victim based on any method other than with the shotgun.

The fact that Petty could not have been *convicted* of aggravated assault by beating does not automatically mean that Petty's guilty plea was invalid. While an accused may be able to show a due process violation where a guilty plea was made to an offense not described in the indictment, *Breland v. Smith*, 247 Ga. 690, 691 (2) (279 SE2d 204) (1981), we have also recognized that where an accused is represented by counsel who has explained the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit, the accused may knowingly plead guilty to an offense for which he was not indicted, even when the admitted offense is not a lesser-included offense of the charged crime, see *Wharton v. Anderson*, 270 Ga. 22 (1) (504 SE2d 670) (1998) (upholding guilty plea to theft by receiving charges made by defendant indicted for burglary), or when the plea is to a manner of committing an offense not specified in the indictment. See *State v. Hammons*, 252 Ga. App. 226 (2) (a) (555 SE2d 890) (2001). However, those cases presuppose that the accused's knowing and voluntary entry of a guilty plea was made with the effective assistance of counsel. See, e.g., *Whitley v. State*, 270 Ga. App. 492 (1) (606 SE2d 678) (2004). Entry of a guilty plea does not waive consideration of an accused's constitutional right to notice any more than entry of a guilty plea waives consideration of a constitutional double jeopardy claim in those instances where the plea is entered without benefit of competent counsel. *Gerisch v. Meadows*, 278 Ga. 641 (3) (604 SE2d 462) (2004). Accordingly, even though the record in this case, as in *Wharton*, supra, shows that Petty while represented by counsel entered into a negotiated guilty plea to aggravated assault based on the beating of the victim by the co-defendant, the record also establishes that Petty did so due to counsel's "giving of misleading advice through the failure to conduct basic research, and 'to investigate (her) options and make a reasonable choice between them.' [Cit.]" *Gerisch*, supra at 645 (3).

The habeas corpus court's reasons for upholding the guilty plea do not withstand scrutiny. Although the habeas court reasoned that the crimes as pled in Count 2 (felony murder) and Count 3 (aggravated assault) "facially allege distinct offenses" because "shooting" the victim while in the commission of an aggravated assault differs from assaulting the victim "with a shotgun," there exists no valid basis under the facts in this case for making that distinction. The evidence of the crimes did not show that Petty assaulted the victim with the shotgun but then shot him to death using a different weapon or that Petty used the shotgun to assault the victim in any manner other than by shooting him. Thus, merger of the aggravated assault

count into the murder count was required by the language of the indictment and the evidence adduced. See *Malcolm v. State*, 263 Ga. 369, 372 (5) (434 SE2d 479) (1993). Nor does the guilty plea transcript support the habeas court's supposition that the shotgun was used by the co-defendant to administer the "beating" assault on the victim.[1] While the habeas court correctly recognized that when establishing the factual basis for a guilty plea, the State need not produce the same quantum or quality of information required to uphold a jury verdict, *King v. Hawkins*, 266 Ga. 655 (469 SE2d 30) (1996), where the evidence the State has produced at a guilty plea hearing establishes the existence of a certain fact, a habeas court cannot discount that fact unless proof to the contrary is otherwise adduced at the habeas hearing.

To prevail on his ineffectiveness claim, Petty was required to show both that counsel's performance was deficient and also that but for counsel's deficiency there is a reasonable probability he would have proceeded to trial rather than enter into the guilty plea. See *Smith v. Williams*, 277 Ga. 778 (596 SE2d 112) (2004), applying *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Petty carried that burden. As to the first prong, no reasonably competent attorney under these circumstances would have believed that Petty could be convicted of aggravated assault based upon a manner of assault different from the one specified in Petty's indictment. See *Dukes*, supra, 265 Ga. at 422. Any reasonably competent attorney would have realized from the language in Petty's indictment and the evidence adduced by the State that the aggravated assault for which Petty was indicted merged into the felony murder charge both as a matter of law and as a matter of fact, *Malcolm*, supra, 263 Ga. at 372 (5), and accordingly would have realized that Petty could not benefit in any manner from pleading guilty in exchange for a 20-year concurrent sentence for aggravated assault. Counsel's performance "was not within the range of competence required of attorneys in criminal cases. [Cits.] Therefore, counsel's performance fell below an objective standard of reasonableness." *Gerisch*, supra, 278 Ga. at 645 (3).

Petty established the prejudice prong by showing that because of counsel's deficient advice, Petty entered into a plea that not only failed to benefit him, it affirmatively penalized him, in that he received a harsher sentence than the one that could have been legally imposed had he proceeded to trial and been convicted on all counts.

---

[1] According to the prosecutor, after Thurman "beat the tar out of" the victim, "[a]t that time [Petty] comes along with the 12-gauge shotgun. And after the victim is down on the ground, completely beaten by [Thurman], takes the 12-gauge shotgun . . . and shoots directly in his chest."

Under these circumstances, "it is clear . . . that but for counsel's error, it is reasonably probable [Petty] would not have pled guilty to the charge of aggravated [assault]. [Cit.]" *Gerisch*, supra, 278 Ga. at 646 (3). The cases cited by the habeas court to support its contrary conclusion are distinguishable, in that they involved situations in which the petitioner pled guilty after relying on mistakes made by a reasonably competent attorney or after misapprehending the quality of the State's evidence. *McMann v. Richardson*, 397 U. S. 759, 770 (90 SC 1441, 25 LE2d 763) (1970); *Brady v. United States*, 397 U. S. 742, 757 (90 SC 1463, 25 LE2d 747) (1970).

Accordingly, we conclude that the habeas corpus court erred when it determined that Petty failed to show attorney error and prejudice under *Strickland v. Washington*, supra.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 26, 2005.

*Cromwell & Hibbert, Henry A. Hibbert*, for appellant.
*Thurbert E. Baker, Attorney General, Jill M. Zubler, Chad E. Jacobs, Assistant Attorneys General*, for appellee.
*Sarah L. Gerwig*, amicus curiae.