**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS, P. J. and BOGGS, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**February 20, 2013**

# In the Court of Appeals of Georgia

A12A1823. EDGECOMB v. THE STATE.                    DO-070 C

DOYLE, Presiding Judge.

Following a jury trial, Benjamin Edgecomb appeals from his conviction of violating a family violence order.[1] He contends that the trial court erred by instructing the jury on that offense as a lesser included offense of aggravated stalking, for which he was indicted. Because the trial court incorrectly instructed the jury on the unindicted offense, we reverse.

Construed in favor of the verdict,[2] the evidence shows that in 2000, Edgecomb married the victim, and in 2010, the couple became divorced. After some difficulties with Edgecomb, his ex-wife petitioned for and obtained a "Stalking Twelve Month

---

[1] OCGA § 16-5-95 (a).

[2] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

Protective Order," pursuant to OCGA § 16-5-94. The order enjoined Edgecomb from approaching within 500 yards of the ex-wife or her residence. Thereafter, Edgecomb was observed on several occasions violating the order by driving past the ex-wife's residence, sometimes slowly. On one occasion, a police officer observed the violation, and after confirming Edgecomb's identity and awareness of the protective order, the police officer arrested Edgecomb.

Edgecomb was indicted with one count of aggravated stalking, and a jury found him not guilty of aggravated stalking but found him guilty of a misdemeanor count of violating a family violence protective order,[3] based on the lesser included charge requested by the State and given by the trial court. Edgecomb objected to the jury charge, and the trial court overruled the objection, which ruling Edgecomb now asserts as error.

Edgecomb's indictment alleged as follows:

The Grand Jurors . . . charge and accuse BENJAMIN EDGECOMB with the offense of AGGRAVATED STALKING[4] for that the said accused

---

[3] Edgecomb was sentenced to 12 months of probation, with credit for the 150 days he served in jail.

[4] Under OCGA § 16-5-91 (a),
[a] person commits the offense of aggravated stalking when such person,

2

. . . between the 15th day of July, 2010, and the 6th day of October, 2010, in violation of a Stalking Twelve Month Protective Order issued by the Superior Court of Cobb County in civil action number 10-1-06724-99, did contact and place [the ex-wife] under surveillance at [her address] without her consent and for the purpose of harassing and intimidating her; contrary to the laws of [Georgia], the good order, peace and dignity thereof.

Thus, the factual basis for the allegation was Edgecomb's violation of a stalking protective order.

With respect to the lesser included offense of violation of a family violence order, the trial court instructed the jury as follows:

In this case[,] there's an allegation of a lesser offense that is not included in the indictment. The name of this offense is violating family violence order. Violating family violence order is defined as follows: A person

---

in violation of a bond to keep the peace posted pursuant to Code Section 17-6-110, temporary restraining order, temporary protective order, permanent restraining order, permanent protective order, preliminary injunction, good behavior bond, or permanent injunction or condition of pretrial release, condition of probation, or condition of parole in effect prohibiting the behavior described in this subsection, follows, places under surveillance, or contacts another person at or about a place or places without the consent of the other person for the purpose of harassing and intimidating the other person.

3

commits the offense of violating a family violence order when the person knowingly and in a nonviolent manner violates the terms of a temporary protective order issued against that person, which directs the person to stay away from a residence or restrains the person from approaching within a specified distance of another person.

If you do not believe beyond a reasonable doubt that the defendant is guilty of aggravated stalking, but do believe beyond a reasonable doubt that the defendant is guilty of violating [a] family violence order, then you would be authorized to find this defendant guilty of violating [a] family violence order. And the form of your verdict in that event would be we, the jury, find the defendant guilty of violating [a] family violence order.

Edgecomb correctly points out that the General Assembly has defined the offense of violating a family violence order less broadly:

A person commits the offense of violating a family violence order when the person knowingly and in a nonviolent manner violates the terms of a family violence temporary restraining order, temporary protective order, permanent restraining order, or permanent protective order *issued against that person pursuant to Article 1 of Chapter 13 of Title 19*, which [order restricts certain behavior of such person].[5]

---

[5] (Emphasis supplied.) OCGA § 16-5-95 (a).

4

Because this is part of the criminal Code, it is to be strictly construed.[6] Accordingly, we conclude that the entire list of protective and restraining orders is modified by the language "issued against that person pursuant to Article 1 of Chapter 13 of Title 19," which refers to the Code sections dealing with family violence orders, i.e., OCGA §§ 19-13-3 and 19-13-4, but not stalking protective orders. Thus, the offense of violating a family violence order can only be committed by violating an order issued pursuant to that portion of the Code.

By contrast, the order violated here was issued pursuant to OCGA § 16-5-94, which authorizes protective orders when a person alleges stalking by another person. That Code section requires an allegation of additional conduct defined as stalking,[7] i.e., that the conduct is done "for the purpose of harassing and intimidating the other

---

[6] See *Frix v. State*, 298 Ga. App. 538, 542 (1) (a) (680 SE2d 582) (2009) ("When a criminal statute fairly and reasonably is subject to two constructions, one which would render an act criminal, the other which would not, the statute must be construed strictly against the State and in favor of the accused.") (punctuation omitted).

[7] See OCGA § 16-5-94 (a) ("A person who is not a minor who alleges stalking by another person may seek a restraining order by filing a petition alleging conduct constituting stalking as defined in Code Section 16-5-90.").

5

person."[8] Reading these two code sections together, and strictly construing them, violation of an order issued pursuant to OCGA § 16-5-94 (stalking protective order) is not equivalent to violation of an order issued pursuant to OCGA § 19-13-4 (family violence protective order).

In light of these definitions, the trial court erred by instructing the jury that it could convict Edgecomb of violating a family violence protective order, especially in light of the fact that the trial court defined such orders as essentially any protective order. "A criminal defendant's right to due process may be endangered when, as here, an indictment charges the defendant with committing a crime in a specific manner and the trial court's jury instruction defines the crime as an act which may be committed in a manner other than the manner alleged in the indictment."[9] Edgecomb was never subject to a family violence protective order, and the trial court's overbroad definition

---

[8] OCGA § 16-5-90 (a) (1). Compare OCGA § 19-13-3 (a) ("A person who is not a minor may seek relief under this article by filing a petition with the superior court alleging one or more acts of family violence.").

[9] *Harwell v. State*, 270 Ga. 765, 766 (1) (512 SE2d 892) (1999). Cf. *Petty v. Smith*, 279 Ga. 273, 274 (612 SE2d 276) (2005) ("The law is clear that where an indictment charges a defendant with committing an offense by one specific method, the defendant cannot be convicted of that offense based on a totally different, unspecified method.").

mislead the jury to believe it could find him guilty of a lesser offense unrelated to his indicted offense.

We note that the State points to language in OCGA § 16-5-95 (c) (pertaining to the violation of a family violence order), which provides as follows:

> Nothing contained in this Code section shall prohibit a prosecution for the offense of stalking or aggravated stalking that arose out of the same course of conduct [i.e., violating a family violence order]; provided, however, that, for purposes of sentencing, a violation of this Code section shall be merged with a violation of any provision of Code Section 16-5-90 [stalking] or 16-5-91 [aggravated stalking] that arose out of the same course of conduct.

Based on this language, the State argues that a family violence order violation is, as a matter of law, a lesser offense included in aggravated stalking. In a different case, with different facts involving a family violence order, this might be correct. But here, it is undisputed that there was no family violence order issued against Edgecomb, and he was not accused of violating one, so the jury was not authorized to convict Edgecomb of such a charge.

*Judgment reversed. Andrews, P. J. and Boggs, J., concur.*