# Court of Appeals
# of the State of Georgia

ATLANTA,  June 03, 2026

*The Court of Appeals hereby passes the following order:*

## A26A1784. ANTHONY JARVIS ALBERTI v. THE STATE.

Anthony Jarvis Alberti  pleaded guilty to a charge of criminal attempt to commit a felony and on June 22, 2022, he was sentenced to 10 years, with the first five to be served in confinement and the balance on probation. In May 2025, Alberti filed a motion claiming his sentence was void and seeking to have the trial court correct or vacate the same. Following a hearing, the trial court denied Alberti's motion, and he then filed this direct appeal. Alberti, however, has no right of appeal.

A direct appeal may lie from the denial of a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is void. See *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). But "[m]otions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572(2) (748 SE2d 446) (2013).        Here, Alberti did not allege that his sentence exceeds the maximum allowed by law if he was properly charged with a felony. Rather, he argued that the facts alleged in the indictment failed to charge a felony, and instead charged only a misdemeanor. Thus, he contends that the trial court erred in imposing a felony sentence. Where a defendant pleads guilty, however, he "waives all defenses other than that the indictment charges no crime." *State v. Hammons*, 252 Ga. App. 226, 230(2)(b) (555 SE2d 890) (2001) (citation and punctuation omitted).

Moreover, a challenge to the sufficiency of an indictment represents a challenge to the conviction, rather than the sentence. *Thompson v. State*, 304 Ga. 146, 149 (3) (816 SE2d 646) (2018); *Jones v. State*, 290 Ga. App. 490, 494(2) (659 SE2d 875) (2008). The Supreme Court of Georgia has made clear that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case" and that an appeal from the denial of such a motion is subject to dismissal. *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010); *Harper v. State*, 286 Ga. 216, 218 (2) (686 SE2d 786) (2009).

Given that Alberti has no right of appeal, this appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,___06/03/2026_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.